IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(BALTIMORE DIVISION)

| | | |
|---|---|---|
| In re: | * | Chapter 11 |
| **NOVATION COMPANIES, INC.,** *et al.*[1], | * | Case Nos. 16-19745, 19747-19749-DER |
| | * | (Joint Administration Requested) |
| Debtors. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**DEBTORS' MOTION PURSUANT TO 11 U.S.C. §§ 105(a) AND 363
FOR AN ORDER AUTHORIZING THE DEBTORS
(A) TO CONTINUE EXISTING THEIR CASH MANAGEMENT SYSTEM, AND
(B) TO MAINTAIN EXISTING BANK ACCOUNTS AND BUSINESS FORMS**

The above-captioned debtors and debtors-in-possession (collectively, the "Debtors"), by and through their undersigned counsel, hereby move this Court (the "Motion") for entry of an order pursuant to sections 105(a) and 363 of title 11 of the United States Code authorizing the Debtors (a) to continue to maintain their existing cash management system, and (b) to maintain existing bank accounts and business forms. In support of this Motion, the Debtors respectfully state as follows:

**Jurisdiction**

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief requested herein are §§ 105(a) and 363 of title 11 of the United States Code (the "Bankruptcy Code") and Rules 2015, 6003 and 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

---

[1] The Debtors in these chapter 11 cases are: (i) Novation Companies, Inc. f/k/a NovaStar Financial, Inc., (ii) NovaStar Mortgage LLC f/k/a NovaStar Mortgage, Inc., (iii) NovaStar Mortgage Funding Corporation and (iv) 2114 Central, LLC f/k/a Advent Financial Services, LLC.

1

**Factual Background**

3. On July 20, 2016 (the "Petition Date"), each of the Debtors filed a voluntary petition with this Court for relief under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in these chapter 11 cases and no committees have been appointed or designated.

4. A description of the Debtors' businesses and the reasons for filing these chapter 11 cases is set forth in the Declaration of Rodney Schwatken, Chief Executive Officer of Novation Companies, Inc., et al. in Support of the First Day Motions (the "First Day Declaration"), which was filed contemporaneously with this Motion and is incorporated herein by reference.

**Relief Requested**

5. The Debtors request, pursuant to sections 105(a) and 363 of the Bankruptcy Code, authority to (a) continue to maintain their existing cash management system, as modified herein, and (b) maintain existing bank accounts (collectively, the "Bank Accounts") located at addresses identified on <u>Exhibit A</u> annexed hereto (the "Banks"), and business forms, as modified herein.

6. Absent the requested relief, the Debtors will be unable to effectively and efficiently maintain their financial operations, which will cause significant harm to the Debtors and their estates and creditors.  By preserving business continuity, and avoiding the disruption and delay to the Debtors' payroll, disbursement, and collection activities that would necessarily result from closing the Bank Accounts and opening new accounts, all parties in interest, including employees, vendors, patrons, and creditors, will be best served.  The benefit to the Debtors, their business operations, and all parties in interest will be considerable.

**The Debtors' Cash Management System**

7.  Prior to the Petition Date and in the ordinary course of business, the Debtors used eight Bank Accounts which formed their cash management system (the "Cash Management System"). Two accounts are maintained by Debtor 2114 Central, LLC, one by Debtor NovaStar Mortgage LLC, and five by Debtor Novation Companies, Inc. The schematics depicting the movement of cash through the Cash Management System are annexed hereto as <u>Exhibit B</u>.

8.  Debtor Novation Companies, Inc. maintains an operating cash account at U.S. Bank, with an account number ending in 0395 (the "Operating Cash Account"). Payments to vendors are draft from the Operating Cash Account, as well as payroll & processing fees, postage, flexible spending, bank service charges. Miscellaneous cash deposits are made into the Operating Cash Account.

9.  Debtor Novation Companies, Inc. maintains two investment accounts, one at UBS, with an account number ending in 0497, and another at Charles Schwab Bank, with an account number ending in 7924. Cash flows directly between these accounts and the Operating Cash Account.

10. Debtor Novation Companies, Inc. and Debtor NovaStar Mortgage LLC each maintain a securities cash account at U.S. Bank, with account numbers ending in 2531 and 2530, respectively (the "Securities Cash Accounts"). Novation Companies Inc. and NovaStar Mortgage LLC securities are deposited into the respective Securities Cash Accounts, with cash flows depositing into the Operating Cash Account.

11. Debtor 2114 Central, LLC maintains an unclaimed funds restricted account at U.S. Bank, with account number ending in 9692, which processes escheatment.

12. Debtor Novation Companies, Inc. maintains a securities cash account at U.S. Bank, with account number ending in 0362, and Debtor 2114 Central, LLC maintains a financial

security reserve account at UMB Bank, with account number ending in 7573. Neither of these accounts has cash coming in or out.

13. The Debtors' cash management is a fairly complex system. The Debtors submit that opening new accounts at this time would significantly disrupt the Debtors' businesses and reorganization efforts.

14. Based on the foregoing, the Debtors believe that maintenance of the existing Cash Management System is in the best interests of the Debtors' estates and all parties in interest. Therefore, the Debtors seek authority to maintain and use their Cash Management Systems during these chapter 11 cases.

## Basis For Relief

### Continuing the Cash Management System Is in the Best Interest of the Debtors, Creditors and All Parties in Interest

15. The Debtors seek authority to continue to operate the Cash Management System, as modified herein and in accordance with any post-petition orders entered in these chapter 11 cases. The Debtors' Cash Management System constitutes ordinary course and essential business practices providing significant benefits to the Debtors, including, among other things, the ability to control corporate funds, ensure the maximum availability of funds when and, where necessary, reduce borrowing costs and administrative expenses by facilitating the movement of funds and the development of more timely and accurate account balance information. Based upon the foregoing, maintenance of the existing Cash Management System is in the best interests of the Debtors and their estates.

16. Moreover, the relief sought by the Debtors is contemplated by the Bankruptcy Code. Section 363(c)(1) of the Bankruptcy Code authorizes the debtors in possession to "use property of the estate in the ordinary course of business without notice or a hearing." 11 U.S.C.

4

§ 363(c)(1). The purpose of section 363(c)(1) of the Bankruptcy Code is to provide a debtor in possession with the flexibility to engage in the ordinary transactions required to operate its business without unnecessary oversight by its creditors or the court.

17. The Court may also exercise its equitable powers to grant the relief requested herein. Section 105(a) of the Bankruptcy Code empowers the Court to "issue any order, process, or judgment that is necessary to carry out the provisions of this title." 11 U.S.C. § 105(a). Continuing the Debtors' Cash Management System without interruption is vital to the efficient and economic administration of these chapter 11 cases.

<u>Ample Cause Supports the Debtors' Maintenance of Existing Bank Accounts and Business Forms</u>

18. The Office of the United States Trustee's "Operating Guidelines For Chapter 11 Cases" (the "UST Guidelines") mandate the closure of the Debtors' prepetition bank accounts and the opening of new accounts as a result of the filing of the petitions. If the Debtors are required to comply with these requirements, their operations would be severely harmed by the disruption, confusion, delay and cost that most certainly would result from the closure of their existing Bank Accounts.

19. The Debtors believe that the transition to chapter 11 will be more orderly, with a minimum of harm to operations, if all Bank Accounts are continued following the Petition Date with the same account numbers. By preserving business continuity and avoiding the disruption and delay to the Debtors' collection and disbursement procedures that would necessarily result from closing the Bank Accounts and opening new accounts, all parties in interest will be best served.

20. In addition to mandating the closure of a debtor's prepetition bank accounts, the UST Guidelines require the immediate printing of new checks with the label "Debtor-in-

Possession." To avoid disruption to their businesses and to minimize expenses, the Debtors respectfully request authorization to continue to use existing check stock (collectively, the "Business Forms"), substantially in the forms existing immediately before the Petition Date. The Debtors will indicate their statuses as debtors in possession by printing "debtor in possession" on any of their Business Forms or in wire transfer instructions.

21.  In other chapter 11 cases, bankruptcy courts have recognized that strict enforcement of bank account closing requirements does not serve the rehabilitative process of chapter 11. Bankruptcy courts routinely permit a debtor to continue using its existing cash management systems, generally treating requests for such relief as a relatively "simple matter." *In re Baldwin-United Corp.*, 79 B.R. 321, 327 (Bankr. S.D. Ohio 1987); *see also Official Comm. of Unsecured Creditors v. Columbia Gas Sys. Inc. (In re Columbia Gas Sys. Inc.)*, 997 F.2d 1039, 1061 (3d Cir. 1993) (noting with approval the bankruptcy court's finding that a requirement to maintain all accounts separately "would be a huge administrative burden and economically inefficient."); *Charter Co. v. Prudential Ins. Co. of Am. (In re Charter Co.)*, 778 F.2d 167, 621 (11th Cir. 1985) (holding that the debtor's post-petition use of its pre-petition "routine case management system" was "entirely consistent" with applicable provisions of the Bankruptcy Code).

22.  Further, the continued post-petition use of cash management systems has been approved as a routine matter in other bankruptcy cases in this and other districts. Similar relief to that sought in this Motion has been routinely granted in this District. Here, continued use of the Debtors' Cash Management System will allow the Debtors an orderly transition to post-petition operation with minimal disruption to the Debtors' businesses and their participation arrangement.

6

**Notice**

23.     No trustee, examiner, or creditors' committee has been appointed in these chapter 11 cases.  Notice of this motion has been given to the following parties or, in lieu thereof, to their counsel, if known: (i) the Office of the United States Trustee, (ii) the indenture trustee for each of the Debtors' outstanding bond issues, and (iii) all other parties identified on the Consolidated List of 20 Largest Unsecured Creditors filed herein by the Debtors. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

**Waiver of Stay**

24.     By this Motion, the Debtors seek a waiver of any stay of the effectiveness of the order approving this Motion.  Pursuant to Bankruptcy Rule 6004(h), "[a]n order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise."  As set forth above, the uninterrupted use of the Bank Accounts, Cash Management System and checks is essential to prevent potentially irreparable damage to the Debtors' operations, going concern value, and ability to implement its chapter 11 strategy.  Accordingly, the Debtors submit that ample cause exists to justify a waiver of the fourteen-day stay imposed by Bankruptcy Rule 6004(h), to the extent that it applies.

**No Prior Request**

25.     No prior motion for the relief requested herein has been made to this or any other court.

WHEREFORE the Debtors respectfully request entry of the Proposed Order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Date: July 20, 2016

/s/ *Joel I. Sher*
Joel I. Sher, Bar No. 00719
Daniel J. Zeller, Bar No. 28107
SHAPIRO SHER GUINOT & SANDLER
250 W. Pratt Street, Suite 2000
Baltimore, Maryland 21201
Tel: 410-385-4277
Fax: 410-539-7611
Email: jis@shapirosher.com
      djz@shapirosher.com

-and-

/s/ *Adam H. Friedman*
Adam H. Friedman, *pro hac vice* pending
OLSHAN FROME WOLOSKY LLP
1325 Avenue of the Americas
New York, New York 10019
Tel: 212-451-2216
Fax: 212-451-2222
Email: AFriedman@olshanlaw.com

*Proposed Counsel to the Debtors and Debtors in Possession*