

_____
DAVID E. RICE
U. S. BANKRUPTCY JUDGE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(BALTIMORE DIVISION)

| | | |
|---|---|---|
| In re: | * | Chapter 11 |
| **NOVATION COMPANIES, INC.,** *et al.*[1], | * | Case Nos. 16-19745, 19747-19749-DER |
| | * | (Jointly Administered) |
| Debtors. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**FINAL ORDER GRANTING MOTION FOR ENTRY OF AN
ORDER PURSUANT TO SECTIONS 105(a), 362(a)(3) AND 541 OF THE
BANKRUPTCY CODE (A) LIMITING CERTAIN TRANSFERS OF CLAIMS
AGAINST THE DEBTORS AND (B) APPROVING RELATED NOTICE PROCEDURES**

WHERAS the Debtors filed a Motion for Entry of an Order Pursuant to Sections 105(a), 362(a)(3) and 541 of the Bankruptcy Code (A) Limiting Certain Transfers of Claims Against the Debtors and (B) Approving Related Notice Procedures [Dkt. No 14] (the "Motion[2]"),

WHEREAS, Debtors filed a line amending the Notice and Hearing Procedures attached as Revised Exhibit A to the Motion [Dkt No. 38];

---

[1] The Debtors in these chapter 11 cases are: (i) Novation Companies, Inc. f/k/a NovaStar Financial, Inc., (ii) NovaStar Mortgage LLC f/k/a NovaStar Mortgage, Inc., (iii) NovaStar Mortgage Funding Corporation and (iv) 2114 Central, LLC f/k/a Advent Financial Services, LLC.

[2] All Capitalized terms used but otherwise not defined herein shall have the meanings set for in the Motion.

WHEREAS, the Court on July 25, 2016 entered its Order Granting Motion For Entry of an Order Pursuant to Sections 105(a), 362(a)(3) and 541 of the Bankruptcy Code (A) Limiting Certain Transfers of Claims Against the Debtors and (B) Approving Related Notice Procedures [Dkt. No. 44], which Order granted the relief sought in the Motion on an interim basis; and

WHEREAS, after consultation with certain parties in interest, the Debtor further amended the Notice and Hearing Procedures as attached hereto as <u>Exhibit A</u>; and

WHEREAS, upon consideration of the supporting papers and the files and records in these cases and upon the arguments and testimony presented at a hearing before the Court; any responses to the Motion having been withdrawn or overruled on the merits; it appearing that the Court has jurisdiction over the subject matter of the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; it appearing that this is a core proceeding pursuant to 28 U.S.C. § 157(b); it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates and their creditors; it appearing that notice of the Motion was sufficient, and no other or further notice need be provided; and after due deliberation and cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted.

2. Any sales or other transfers of claims against the Debtors by Substantial Claimholders or that results in an entity becoming a Substantial Claimholder may occur only in accordance with the Notice and Hearing Procedures attached hereto.

3. Absent compliance with the attached Notice and Hearing Procedures, any sales or other transfers of claims against the Debtors by Substantial Claimholders or that results in an entity becoming a Substantial Claimholder are prohibited and shall be void *ab initio*.

4. Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, 9014, or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

cc:  Joel I. Sher, Esquire
Daniel J. Zeller, Esquire
SHAPIRO SHER GUINOT & SANDLER
250 W. Pratt Street, Suite 2000
Baltimore, Maryland 21201

Adam H. Friedman, Esquire
OLSHAN FROME WOLOSKY LLP
1325 Avenue of the Americas
New York, New York 10019

Thomas C. Goodhue, Esquire
HUNTON & WILLIAMS LLP
2200 Pennsylvania Ave., NW
Washington, DC 20037
tgoodhue@hunton.com

Jason W. Harbour, Esquire
Nathan Kramer, Esquire
HUNTON & WILLIAMS, LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219
jharbour@hunton.com
nkramer@hunton.com

Attached Service List

**Service List**

**Top 20 Unsecured Creditors**
Kodiak CDO I, Ltd
c/o Kodiak Capital Management Company, LLC
2107 Wilson Boulevard, Suite 400
Arlington, VA 22201

Taberna Preferred Funding I, Ltd
c/o Taberna Capital Management, LLC
2929 Arch Street, 17th Floor
Philadelphia, PA 19104

Taberna Preferred Funding I, Ltd
c/o Jason Harbour
Hunton & Williams LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Taberna Preferred Funding II, Ltd
c/o Taberna Capital Management, LLC
2929 Arch Street, 17th Floor
Philadelphia, PA 19104

Taberna Preferred Funding II, Ltd
c/o Jason Harbour
Hunton & Williams LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

StreetLinks LLC
c/o Assurant Solutions
11222 Quail Roost Drive
Miami, FL.  33157

Shoretel Inc
960 Stewart Drive
Sunnyvale, CA.  94085

Broadway Square Partners
MCRealty Group
114 W 11th Street, Suite 200
Kansas City, MO.  64105

Underground Vaults & Storage
PO Box 1723
Hutchinson, KS 67504-1723

Broadridge ICS
PO Box 416423
Boston, MA.  02241-6423

Wells Fargo (fka Wachovia Capital Markets, LLC)
Attn: Thomas Rice
Simpson Thatcher & Bartlett LLP
425 Lexington Avenue
New York, NY 10019

Deutsche Bank Securities, Inc.
Attn: Thomas Rice
425 Lexington Avenue
New York, NY 10020

National Credit Union Administration Board
Attn: David Frederick
Kellogg, Huber, Hansen, Todd, Evans & Figel
Sumner Square
1615 M Street NW, Suite 400
Washington, DC 20036

Deutsche Bank National Trust Company
Attn: Zachary D. Rosenbaum
Lownstein Sandler LLP
1251 Avenue of the Americas
New York, NY 10020

Iowa Public Employees' Retirement System
Attn: Christopher Lometti
Cohen Milstein Sellers & Toll P.L.L.C.
88 Pine Street, 14th Floor
New York, NY 10005

New Jersey Carpenters Health Fund
Attn: Christopher Lometti
Cohen Milstein Sellers & Toll P.L.L.C.
88 Pine Street, 14th Floor
New York, NY 10005

The Royal Bank of Scotland Group, plc
Attn: Thomas Rice
Simpson Thatcher & Bartlett LLP
425 Lexington Avenue
New York, NY 10017

Greenwich Capital Markets, Inc. dba RBS Greenwich Capital
Attn: Thomas Rice
Simpson Thatcher & Bartlett LLP
425 Lexington Avenue
New York, NY 10018

Gregory S. Metz
1610C North Queen Street, Unit 235
Arlington, VA 22209

Mark Herpich
701 Poyntz/P.O. Box 308
Manhattan, KS 66505-0308

Lance Anderson
Attn: William Alderman
Orrick, Herrington & Sutfcliffe LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94107

Scott F. Hartman
Attn: William Alderman
Orrick, Herrington & Sutfcliffe LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94108

**D&O Insurance Carriers**
Newmarket Underwriters Insurance Co./Allied World
c/o Merril Hirsh
Troutman Sanders
401 9th Street NW, Suite 1000
Washington, DC 20004

RSUI Indemnity Co.
c/o Thomas Geyer
Bailey Cavalieri
10 West Broad Street, Suite 2100
Columbus, OH 43215

U.S. Specialty Insurance Co.
c/o Ingrid Smith
Shipman & Goodwin
1875 K Street NW, Suite 600
Washington, DC 20006

XL Specialty Insurance Co.
c/o Jason Cronic
Wiley Rein LLP
1776 K Street NW
Washington, DC 20006

**Bond Holders**
Kodiak CDO I, Ltd
c/o Kodiak Capital Management Company, LLC
2107 Wilson Boulevard, Suite 400
Arlington, VA 22201

Taberna Preferred Funding I, Ltd
c/o Taberna Capital Management, LLC
2929 Arch Street, 17th Floor
Philadelphia, PA 19104

Taberna Preferred Funding II, Ltd
c/o Taberna Capital Management, LLC
2929 Arch Street, 17th Floor
Philadelphia, PA 19104

**US Trustee**
Edmund A. Goldberg, Esquire
Office of The United States Trustee
101 West Lombard Street, Suite 2625

Baltimore, MD 21201

**Indentured Trustee**
The Bank of New York Mellon Trust Company, N.A.
500 Ross Street
Pittsburgh, PA 15261-0001
Attention: Nancy R. Johnson
Email: nancy.r.johnson@bnymellon.com

The Bank of New York Mellon Trust Company, N.A.
601 Travis Street, 16th Floor
Houston, TX 77002
Attention: J. Chris Matthews
Email: j.chris.matthews@bnymellon.com

**Other Interested Parties**
James Gadsden
Carter Ledyard & Milburn LLP
Two Wall Street
New York, N.Y. 10005

Susan R. Sherrill-Beard, Esquire
U.S. Securities and Exchange Commission
Office of Reorganization (Atlanta Regional Office)
950 East Paces Ferry Road, N.E., Suite 900
Atlanta, GA 30326-1382

**-END OF ORDER-**

## **REVISED EXHIBIT A**

Notice Procedures

3782523-2

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(BALTIMORE DIVISION)

| | | |
|---|---|---|
| In re: | * | Chapter 11 |
| **NOVATION COMPANIES, INC.,** *et al.*[1], | * | Case Nos. 16-19745, 19747-19749 (DER) |
| | * | (Jointly Administered) |
| Debtors. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

### NOTICE PROCEDURES RELATING TO CERTAIN TRANSFERS OF CLAIMS AGAINST THE DEBTORS

PLEASE TAKE NOTICE THAT on July 20, 2016 (the "Petition Date"), the Novation Companies, Inc., together with certain of its subsidiaries and affiliates (collectively, the "Debtors"), commenced cases under chapter 11 of the United States Bankruptcy Code.

PLEASE TAKE FURTHER NOTICE THAT on August 11, 2016 the United States Bankruptcy Court for the District of Maryland, Baltimore Division (the "Bankruptcy Court") entered an order (the "Order") approving the procedures set forth herein (the "Notice Procedures") to preserve the Debtors' net operating losses ("NOLs"). Any sale or other transfer of claims against the Debtors in violation of the procedures set forth below shall be null and void *ab initio* and shall confer no rights on the transferee.

1. Notice Procedure for Transfers of Claims

    (a) <u>Notice of Substantial Claimholder Status</u>. Any person or entity (as defined for purposes of IRC Section 382) who currently or in the future Beneficially Owns[2] (a) an aggregate principal amount of claims against the Debtors equal

---

[1] The Debtors in these chapter 11 cases are: (i) Novation Companies, Inc. f/k/a NovaStar Financial, Inc., (ii) NovaStar Mortgage LLC f/k/a NovaStar Mortgage, Inc., (iii) NovaStar Mortgage Funding Corporation and (iv) 2114 Central, LLC f/k/a Advent Financial Services, LLC.

[2] "Beneficial Ownership" of a "claim" (as such terms are defined in Section 101 of the Bankruptcy Code) shall be defined consistently with IRC Section 382 (including attribution rules) and includes, without limitation:

      A.   title ownership;
      B.   direct and indirect ownership (*e.g.*, a holding company would be considered to "beneficially own" all claims, as the case may be, owned or acquired by its subsidiaries);
      C.   ownership by family members;

to or exceeding $4,200,000 (a "Substantial Claimholder") shall file with the Court, and serve upon the Debtors' counsel, a notice of such status, in the form attached hereto as Exhibit 1, on or before the date that is the later of: (A) the date that is thirty (30) days after the entry of the Order or (B) the date that is ten (10) days after becoming a Substantial Claimholder. Notwithstanding the foregoing, Taberna Preferred Funding I, Ltd, Taberna Preferred Funding II, Ltd, and Kodiak CDO I, Ltd, are not required to file the forgoing notice because they are recognized and confirmed as Substantial Claimholders without the need to file such a notice.

(b) Acquisition of Claims. Prior to effecting any acquisition of a Beneficial Ownership in claims against the Debtors that would result in an increase in the aggregate principal amount of such claims Beneficially Owned by a Substantial Claimholder or would result in a person or entity (as defined for purposes of IRC Section 382) becoming a Substantial Claimholder (a "Proposed Claims Acquisition Transaction"), such person, entity or Substantial Claimholder (a "Proposed Claims Transferee") shall file with the Court, and serve on the Debtors' counsel a Notice of Intent to Purchase, Acquire or Otherwise Accumulate a Claim (a "Claims Acquisition Notice"), in the form attached hereto as Exhibit 2, specifically and in detail describing the intended acquisition of claims against the Debtors, regardless of whether such acquisition would also be subject to the filing, notice and hearing requirements of Federal Rule of Bankruptcy Procedure 3001.

(c) Disposition of Claims. Prior to effecting any disposition of a Beneficial Ownership of claims against the Debtors that would result in a decrease in the aggregate principal amount of such claims Beneficially Owned by a Substantial Claimholder or would result in a person or entity (as defined for purposes of IRC Section 382) ceasing to be a Substantial Claimholder (a "Proposed Claims Disposition Transaction"), such person, entity or Substantial Claimholder (a "Proposed Claims Transferor") shall file with the Court, and serve on the Debtors' counsel a Notice of Intent to Sell, Trade or Otherwise Transfer a Claim (a "Claims Disposition Notice"), in the form attached hereto as Exhibit 3, specifically and in detail describing the intended disposition of claims against the Debtors, regardless of whether such disposition would also

---

D. ownership by persons acting in concert to make a coordinated acquisition of an Interest; and
E. ownership of an interest that a holder has a right to acquire through the ownership of an option, a contingent purchase right, a warrant, convertible debt or equity, a put, an interest subject to risk of forfeiture, or a contract to acquire an interest, regardless of whether such interest or right to acquire is contingent or otherwise not currently exercisable (each such right or interest to acquire, an "Option").

        be subject to the filing, notice and hearing requirements of Federal Rule of Bankruptcy Procedure 3001.

  (d)    <u>Objection Procedures</u>. No later than the date that is thirty (30) calendar days after the Debtors' actual receipt of a Claims Acquisition Notice or a Claims Disposition Notice, as the case may be (the "Objection Deadline"), the Debtors may file with the Court and serve on a Proposed Claims Transferor or Proposed Claims Transferee, as the case may be, an objection to any proposed transfer of claims described in a Claims Acquisition Notice or Claims Disposition Notice, as the case may be, on the grounds that such transfer would adversely affect the Debtors' ability to utilize their NOLs (an "Objection").

     A.    If the Debtors timely file an Objection by the Objection Deadline, the Proposed Claims Acquisition Transaction or Proposed Claims Disposition Transaction, as the case may be, shall not be effective unless approved by an order of this Court, after notice and a hearing, and such order is not subject to appeal, stay, modification, or reconsideration.

     B.    If the Debtors do not timely file an Objection by the Objection Deadline, the Proposed Claims Acquisition Transaction or Proposed Claims Disposition Transaction, as the case may be, may proceed only as specifically set forth in a Claims Acquisition Notice or Claims Disposition Notice, as the case may be.

     C.    Any further transactions beyond the scope of a Claims Acquisition Notice or Claims Disposition Notice, as the case may be, must separately follow the notice procedure as set forth herein.

2.    <u>Other Notice Procedures</u>

  (a)    <u>Service of Procedures Notice</u>. Following entry of the Order, the Debtors shall deliver a copy of the Notice of notification and hearing procedures for trading in claims and equity securities (the "Notice of Notification Procedures") (a copy of which is attached hereto as <u>Exhibit 4</u>) to the entities listed below. The Notice of Notification Procedures shall inform all recipients thereof how to obtain copies of these Notice Procedures and the relevant notices described herein.

     (i)    the Office of the United States Trustee;

     (ii)    any official statutory committee appointed in these Chapter 11 Cases;

     (iii)    counsel for the Debtors' debtor-in-possession lenders;

     (iv)    entities that are recipients of the notice of commencement of these Chapter 11 Cases;

     (v)    the indenture trustees for all classes of bonds or debentures of the Debtors;

     (vi)    all parties who file notices of transfers of claims under Federal Rule of Bankruptcy Procedure 3001(e)(i);

3782523-2

      (vii)    all entities who file notice of appearance and request service of papers pursuant to Bankruptcy Rule 2002; and

  (b)    Upon receipt of the Notice of Notification Procedures, any indenture trustee of the Debtors and any bonds or debentures of the Debtors shall, at least once every three (3) months during the pendency of these Chapter 11 Cases, deliver the Notice of Notification Procedures to all holders of such bonds, debentures or securities registered with such indenture trustee.[3]

      (i)    Any such registered holder shall, in turn, deliver a copy of the Notice of Notification Procedures to any holder for whose account such registered holder holds such bonds, debentures or claims, and so on down the chain of ownership.

      (ii)    Any person or entity in their individual capacity (a "Prospective Seller"), and any broker or agent acting on behalf of a Prospective Seller, who contemplates selling Beneficial Ownership in claims against the Debtors in the aggregate principal amount of at least $4,200,000 to another person or entity (a "Prospective Purchaser") must provide a copy of the Notice of Notification Procedures to each Prospective Purchaser or any broker or agent acting on behalf of a Prospective Purchaser.

3.    Any acquisition or disposition of the Debtors or claims against the Debtors in violation of the procedures set forth herein shall be null and void *ab initio* as an act in violation of the automatic stay prescribed in 11 U.S.C. §§ 362 and 105(a) and shall confer no rights on the transferee.

4.    The requirements set forth in these Notice Procedures are in addition to the requirements of Federal Rule of Bankruptcy Procedure 3001(e) and applicable securities, corporate, and other laws, and do not excuse compliance therewith.

---

[3] The foregoing requirements in section 2(b) shall not apply to Taberna Preferred Funding I, Ltd, Taberna Preferred Funding II, Ltd, and Kodiak CDO I, Ltd, registered holders or the indenture trustee for the bond issuances in which such creditors are holder, provided that the Bank of New York Mellon Trust Company, N.A. is the indenture trustee for each such issuance, and that the requirements in section 2(b) will only apply to the Bank of New York Mellon Trust Company, N.A. if it is sent a notice that the notes have been transferred to other persons or entities.

**Exhibit 1**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(BALTIMORE DIVISION)

| | | |
|---|---|---|
| In re: | * | Chapter 11 |
| **NOVATION COMPANIES, INC.,** *et al.*[1], | * | Case Nos. 16-19745, 19747-19749 (DER) |
| | * | (Jointly Administered) |
| Debtors. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**NOTICE OF STATUS AS A SUBSTANTIAL CLAIMHOLDER**

PLEASE TAKE NOTICE that [name of each claimholder] is/has become a Substantial Claimholder[2] with respect to claims against Novation Companies, Inc. or any of its subsidiaries and affiliates (collectively, the "Debtors"), debtors and debtors-in-possession in Case No.16-19745 (Jointly Administered), pending in the United States Bankruptcy Court for the District of Maryland, Baltimore Division.

PLEASE TAKE FURTHER NOTICE that, as of [date], [name of each claimholder] beneficially owns claims in the aggregate principal amount of $_____ against the Debtors. The following table sets forth the name of the Debtor issuer, a summary of the terms, and the date on

---

[1] The Debtors in these chapter 11 cases are: (i) Novation Companies, Inc. f/k/a NovaStar Financial, Inc., (ii) NovaStar Mortgage LLC f/k/a NovaStar Mortgage, Inc., (iii) NovaStar Mortgage Funding Corporation and (iv) 2114 Central, LLC f/k/a Advent Financial Services, LLC.

[2] For purposes of this Notice: (A) a "Substantial Claimholder" is any person or entity (as defined for purposes of Section 382 of the Internal Revenue Code of 1986, as amended (the "IRC") and the Treasury Regulations thereunder) that currently or in the future "Beneficially Owns" at least (1) an aggregate principal amount of claims against the Debtors equal to or exceeding $4,200,000, (B) "Beneficial Ownership" of claims shall be defined consistently with the applicable definitions of the IRC and the Treasury Regulations thereunder (including attribution rules) and includes, without limitation, (1) direct and indirect ownership (e.g., a holding company would be considered to "Beneficially Own" all claims owned or acquired by its subsidiaries), (2) ownership by family members, (3) ownership by persons or entities acting in concert to make a coordinated acquisition of a claim, and (4) ownership of a claim that such person or entity has an Option to acquire; and (C) an "Option" to acquire a claim includes any contingent purchase right or a contract to acquire a claim or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

3782523-2

which [name of each claimholder] acquired or otherwise became the Beneficial Owner of each such Claim:

| Debtor Issuer | Terms | Date Acquired |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

(Attach additional page if necessary)

      PLEASE TAKE FURTHER NOTICE that the taxpayer identification number of [name of each claimholder] is _____.

      PLEASE TAKE FURTHER NOTICE that, under penalties of perjury, [ name of each claimholder] hereby declares that it has examined this Notice and accompanying attachments (if any), and, to the best of its knowledge and belief, this Notice and any attachments that purport to be part of this Notice are true, correct and complete.

      PLEASE TAKE FURTHER NOTICE that, pursuant to the Order of this Court approving Notice Procedures Relating to Certain Transfers Claims Against the Debtors, this Notice is being (A) filed with the United States Bankruptcy Court for the District of Maryland, Baltimore Division, and (B) served upon Olshan Frome Wolosky LLP, co-counsel to the Debtors, 1325 Avenue of the Americas, New York, New York 10019, Attn.: Lauren Irby, Esq, and Shapiro Sher Guinot & Sandler, co-counsel to the Debtors, 250 West Pratt Street, Suite 2000, Baltimore, Maryland 21201, Attn: Daniel Zeller, Esq.

      This Notice is given in addition to, and not as a substitute for, any requisite notice under Rule 3001(e) of the Federal Rules of Bankruptcy Procedure.

      By: _____
           Name:
           Title:

3782523-2

**Exhibit 2**

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF MARYLAND
### (BALTIMORE DIVISION)

| | | |
|---|---|---|
| In re: | * | Chapter 11 |
| **NOVATION COMPANIES, INC.,** *et al.*[1], | * | Case Nos. 16-19745, 19747-19749 (DER) |
| | * | (Jointly Administered) |
| Debtors. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

### NOTICE OF INTENT TO PURCHASE, ACQUIRE
### OR OTHERWISE ACCUMULATE A CLAIM

PLEASE TAKE NOTICE that [name of each acquirer] hereby provides notice of its intention to purchase, acquire or otherwise accumulate a claim or claims against the Debtors or an Option with respect thereto (the "Proposed Transfer").

PLEASE TAKE FURTHER NOTICE that, if applicable, on [prior date(s)], [name of each prospective acquirer] filed a Notice of Status as a Substantial Claimholder[2] with the Court and served copies thereof on the Debtors' counsel.

---

[1] The Debtors in these chapter 11 cases are: (i) Novation Companies, Inc. f/k/a NovaStar Financial, Inc., (ii) NovaStar Mortgage LLC f/k/a NovaStar Mortgage, Inc., (iii) NovaStar Mortgage Funding Corporation and (iv) 2114 Central, LLC f/k/a Advent Financial Services, LLC.

[2] For purposes of this Notice: (A) a "Substantial Claimholder" is any person or entity (as defined for purposes of Section 382 of the Internal Revenue Code of 1986, as amended (the "IRC") and the Treasury Regulations thereunder) that currently or in the future "Beneficially Owns" at least an aggregate principal amount of claims against the Debtors equal to or exceeding $4,200,000, (B) "Beneficial Ownership" of claims shall be defined consistently with the applicable definitions of the IRC and the Treasury Regulations thereunder (including attribution rules) and includes, without limitation, (1) direct and indirect ownership (e.g., a holding company would be considered to "Beneficially Own" all claims owned or acquired by its subsidiaries), (2) ownership by family members, (3) ownership by persons or entities acting in concert to make a coordinated acquisition of a claim, and (4) ownership of a claim that such person or entity has an Option to acquire; and (C) an "Option" to acquire a claim includes any contingent purchase right or a contract to acquire a claim or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

PLEASE TAKE FURTHER NOTICE that, pursuant to the Proposed Transfer, [name of each prospective acquirer] proposes to purchase, acquire or otherwise accumulate claims against [name of Debtor issuer] in the aggregate principal amount of $_____ or an Option with respect thereto. If the Proposed Transfer is permitted to occur, [name of each prospective acquirer] will Beneficially Own claims against the Debtors in the aggregate principal amount of $_____ after the transfer.

PLEASE TAKE FURTHER NOTICE that the taxpayer identification number(s) of [name of each prospective acquirer] is_____.

PLEASE TAKE FURTHER NOTICE that, under penalties of perjury, [name of each prospective acquirer] hereby declares that it has examined this Notice and accompanying attachments (if any), and, to the best of its knowledge and belief, this Notice and any attachments that purport to be part of this Notice are true, correct and complete.

PLEASE TAKE FURTHER NOTICE that, pursuant to the Order of this Court approving Notice Procedures Relating to Certain Transfers of Claims Against the Debtors, this Notice is being (A) filed with the United States Bankruptcy Court for the District of Maryland, Baltimore Division, and (B) served upon Olshan Frome Wolosky LLP, counsel to the Debtors, 1325 Avenue of the Americas, New York, New York 10019, Attn.: Lauren Irby, Esq. and Shapiro Sher Guinot & Sandler, co-counsel to the Debtors, 250 West Pratt Street, Suite 2000, Baltimore, Maryland 21201, Attn: Daniel Zeller, Esq.

PLEASE TAKE FURTHER NOTICE that the Debtors have thirty (30) days from receipt of this Notice to object to the Proposed Transfer described herein. If the Debtors file an objection, such Proposed Transfer will not be effective unless approved by an order of the Court not subject to appeal, modification, stay, or reconsideration. If the Debtors do no object within such thirty (30) day period, then after the expiration of such period the Proposed Transfer may proceed specifically as set forth in the Notice.

PLEASE TAKE FURTHER NOTICE that any further transactions that may result in [name of each prospective acquirer] purchasing, acquiring or otherwise accumulating Beneficial Ownership of additional claims against the Debtors will each require an additional notice filed with the Court to be served in the same manner as this Notice.

This Notice is given in addition to, and not as a substitute for, any requisite notice under Rule 3001(e) of the Federal Rules of Bankruptcy Procedure.

By: _____
    Name:
    Title:

3782523-2

**Exhibit 3**

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF MARYLAND
### (BALTIMORE DIVISION)

| | | |
|---|---|---|
| In re: | * | Chapter 11 |
| **NOVATION COMPANIES, INC.,** *et al.*[1], | * | Case Nos. 16-19745, 19747-19749 (DER) |
| | * | (Jointly Administered) |
| Debtors. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

### NOTICE OF INTENT TO SELL, TRADE OR
### OTHERWISE TRANSFER A CLAIM

PLEASE TAKE NOTICE that [name of prospective seller] hereby provides notice of its intention to sell, trade or otherwise transfer a claim or claims against the Debtors or an Option with respect thereto (the "Proposed Transfer").

PLEASE TAKE FURTHER NOTICE that, if applicable, on [prior date(s)], [name of each prospective transferor] filed a Notice of Status as a Substantial Claimholder[2] with the Court and served copies thereof on the Debtors' counsel.

---

[1] The Debtors in these chapter 11 cases are: (i) Novation Companies, Inc. f/k/a NovaStar Financial, Inc., (ii) NovaStar Mortgage LLC f/k/a NovaStar Mortgage, Inc., (iii) NovaStar Mortgage Funding Corporation and (iv) 2114 Central, LLC f/k/a Advent Financial Services, LLC.

[2] For purposes of this Notice: (A) a "Substantial Claimholder" is any person or entity (as defined for purposes of Section 382 of the Internal Revenue Code of 1986, as amended (the "IRC") and the Treasury Regulations thereunder) that currently or in the future "Beneficially Owns" at least an aggregate principal amount of claims against the Debtors equal to or exceeding $4,200,000, (B) "Beneficial Ownership" of claims shall be defined consistently with the applicable definitions of the IRC and the Treasury Regulations thereunder (including attribution rules) and includes, without limitation, (1) direct and indirect ownership (e.g., a holding company would be considered to "Beneficially Own" all claims owned or acquired by its subsidiaries), (2) ownership by family members, (3) ownership by persons or entities acting in concert to make a coordinated acquisition of a claim, and (4) ownership of a claim that such person or entity has an Option to acquire; and (C) an "Option" to acquire a claim includes any contingent purchase right or a contract to acquire a claim or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

3782523-2

PLEASE TAKE FURTHER NOTICE that [ name of each prospective transferor] currently Beneficially Owns claims against the Debtors in the aggregate principal amount of $_____.

PLEASE TAKE FURTHER NOTICE that, pursuant to the Proposed Transfer, [name of each prospective transferor] proposes to sell, trade or otherwise transfer claims against [name of Debtor issuer] in the aggregate principal amount of $_____ or Options with respect thereto. If the Proposed Transfer is permitted to occur, [name of prospective seller] will Beneficially Own claims against the Debtors in the aggregate principal amount of $_____ after the transfer.

PLEASE TAKE FURTHER NOTICE that the taxpayer identification number of [name of each prospective seller] is _____.

PLEASE TAKE FURTHER NOTICE that, under penalties of perjury, [ name of each prospective seller] hereby declares that it has examined this Notice and accompanying attachments (if any), and, to the best of its knowledge and belief, this Notice and any attachments which purport to be part of this Notice are true, correct and complete.

PLEASE TAKE FURTHER NOTICE that, pursuant to the Order of this Court approving Notice Procedures Relating to Certain Transfers Claims Against the Debtors, this Notice is being (A) filed with the United States Bankruptcy Court for the District of Maryland, Baltimore Division, and (B) served upon served upon Olshan Frome Wolosky LLP, counsel to the Debtors, 1325 Avenue of the Americas, New York, New York 10019, Attn.: Lauren Irby, Esq. and Shapiro Sher Guinot & Sandler, co-counsel to the Debtors, 250 West Pratt Street, Suite 2000, Baltimore, Maryland 21201, Attn: Daniel Zeller, Esq.

PLEASE TAKE FURTHER NOTICE that the Debtors have thirty (30) calendar days after receipt of this Notice to object to the Proposed Transfer described herein. If the Debtors file an objection, such Proposed Transfer will not be effective unless approved by an order of the Court not subject to appeal, modification, stay, or reconsideration. If the Debtors do not object within such thirty (30) day period, then after expiration of such period the Proposed Transfer may proceed specifically as set forth in the Notice.

[Name of prospective seller] understands that any further transactions that may result in [name of each prospective seller] selling, trading or otherwise transferring claims against the Debtors will each require an additional notice filed with the Court to be served in the same manner as this Notice.

This Notice is given in addition to, and not as a substitute for, any requisite notice under Rule 3001(e) of the Federal Rules of Bankruptcy Procedure. contingent purchase right or a contract to acquire a claim or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

By: _____
      Name:
      Title:

3782523-2

**Exhibit 4**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(BALTIMORE DIVISION)

| | | |
|---|---|---|
| In re: | * | Chapter 11 |
| **NOVATION COMPANIES, INC.,** *et al.*[1] , | * | Case Nos. 16-19745, 19747-19749 (DER) |
| | * | (Jointly Administered) |
| Debtors. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**NOTICE OF (A) NOTIFICATION PROCEDURES APPLICABLE TO SUBSTANTIAL HOLDERS OF CLAIMS AND (B) NOTIFICATION AND HEARING PROCEDURES FORTRADING IN CLAIMS**

**TO ALL PERSONS OR ENTITIES WITH CLAIMS AGAINST THE DEBTORS:**

PLEASE TAKE NOTICE that on July 20, 2016 (the "Petition Date"), Novation Companies, Inc., together with certain of its subsidiaries and affiliates (collectively, the "Debtors"), commenced cases under chapter 11 of Title 11 of the United States Code as amended from time to time (the "Bankruptcy Code").

PLEASE TAKE FURTHER NOTICE that on August 11, 2016, the United States Bankruptcy Court for the District of Maryland, Baltimore Division (the "Court") entered an order (the "Order") approving the procedures set forth in <u>Exhibit B</u> to the Motion (the "Notice Procedures") to preserve the Debtors' net operating losses ("NOLs"). Any sale or other transfer of claims against the Debtors in violation of the Notice Procedures shall be null and void ab initio and shall confer no rights on the transferee.

PLEASE TAKE FURTHER NOTICE that, pursuant to the Order, the Notice Procedures shall apply to holding, acquiring and disposing, and any other transfers of claims against the Debtors.

PLEASE TAKE FURTHER NOTICE that any person or entity may obtain a copy of the Order, the Notice Procedures and the forms of each of the required notices described therein by:

    1.    Contacting the Debtor's undersigned counsel in writing; or

---

[1] The Debtors in these chapter 11 cases are: (i) Novation Companies, Inc. f/k/a NovaStar Financial, Inc., (ii) NovaStar Mortgage LLC f/k/a NovaStar Mortgage, Inc., (iii) NovaStar Mortgage Funding Corporation and (iv) 2114 Central, LLC f/k/a Advent Financial Services, LLC.

3782523-2

2. Retrieving the Order, Notice Procedures, and forms on the Bankruptcy Court's official website at www.mdb.uscourts.gov.

**ANY PROHIBITED ACQUISITION, DISPOSITION, OR OTHER TRANSFER OF CLAIMS AGAINST THE DEBTORS IN VIOLATION OF THE ORDER WILL BE NULL AND VOID AND MAY RESULT IN THE IMPOSITION OF SANCTIONS BY THE BANKRUPTCY COURT.**

PLEASE TAKE FURTHER NOTICE that the requirements set forth in this Notice are in addition to the requirements of Rule 3001(e) of the Federal Rules of Bankruptcy Procedure and applicable securities, corporate and other laws, and do not excuse compliance therewith.

Respectfully submitted,

Dated: _____, 2016

_____
Joel I. Sher, Esquire
SHAPIRO SHER GUINOT & SANDLER
250 W. Pratt Street, Suite 2000
Baltimore, Maryland 21201

--and--

Adam H. Friedman, Esquire
OLSHAN FROME WOLOSKY LLP
1325 Avenue of the Americas
New York, New York 10019

*Counsel for the Debtors and Debtors-in-Possession*

3782523-2