IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
BALTIMORE DIVISION

| | |
|---|---|
| In re:<br><br>NOVATION COMPANIES, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case Nos. 16-19745, 19747-19749 DER<br><br>(Jointly Administered) |

**MOTION OF CREDITORS' COMMITTEE FOR AN ORDER CLARIFYING
REQUIREMENT TO PROVIDE ACCESS TO CONFIDENTIAL
OR PRIVILEGED INFORMATION**

The Creditors' Committee (the "Committee") hereby moves this Court (the "Motion") for entry of an order, the proposed form of which is attached hereto as Exhibit A, pursuant to sections 105(a), 107(b), and 1102(b)(3)(A) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), clarifying the requirement that the Committee provide access to confidential or privileged information to creditors. In support of the Motion, the Committee respectfully states as follows:

**Jurisdiction**

1.  This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2.  The statutory predicates for the relief requested herein are sections 105(a), 107(b) and 1102 of the Bankruptcy Code.

---

[1] The Debtors in these chapter 11 cases are: (i) Novation Companies, Inc. f/k/a NovaStar Financial, Inc., (ii) NovaStar Mortgage LLC f/k/a NovaStar Mortgage, Inc., (iii) NovaStar Mortgage Funding Corporation and (iv) 2114 Central, LLC f/k/a Advent Financial Services, LLC.

**Background**

3. On July 20, 2016 (the "Petition Date"), the above captioned debtors and debtors in possession (the "Debtors") each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. On July 25, 2016, the Court entered an order directing joint administration of the Debtors' bankruptcy cases under Case No. 16-19745-DER (the "Bankruptcy Case"). Pursuant to sections 1107 and 1108 of the Bankruptcy Code, the Debtors are managing their properties as debtors in possession. No trustee or examiner has been appointed.

4. On August 1, 2016, the Office of the United States Trustee for the District of Maryland, Baltimore Division (the "U.S. Trustee") appointed the Committee pursuant to section 1102 of the Bankruptcy Code.

5. The Committee anticipates entering into a common interest and confidentiality agreement with the Debtors (the "Confidentiality Agreement") to enable the Committee and its professionals to receive certain non-public information concerning the Debtors and their business and to facilitate the Committee's discharge of its duties under the Bankruptcy Code. The Committee's bylaws also contain, among other things, a confidentiality provision that generally prohibits members of the Committee from disclosing any confidential or proprietary information concerning the Debtors and the Bankruptcy Case to any person who is not a member of the Committee.

**Relief Requested**

6. By this Motion, the Committee seeks entry of an order clarifying the requirement that the Committee provide access to the Confidential Information (as defined below) and/or Privileged Information (as defined below) to any creditor. The procedure proposed herein will help ensure that confidential, privileged, proprietary and/or material non-public information will

2

not be disseminated to the detriment of the estates of any Debtors and will aid the Committee in performing its statutory function.

**Basis for Relief**

7. Pursuant to section 1102(b)(3) of the Bankruptcy Code, a creditors' committee appointed under section 1102(a) of the Bankruptcy Code shall "provide access to information for creditors who (i) hold claims of the kind represented by that committee; and (ii) are not appointed to the committee." 11 U.S.C. § 1102(b)(3)(A). Section 1102(b)(3)(A) does not indicate how a creditors' committee should provide "access to information" to the creditors it represents. Moreover, there is scant legislative history to section 1102(b)(3) to provide guidance on the application of this provision, which was enacted as part of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005.

8. The lack of specificity in section 1102(b)(3)(A) creates significant issues for debtors and creditors' committees alike. Typically, a debtor will share various confidential and other non-public proprietary information with a creditors' committee. Creditors' committees use this information to assess, among other things, a debtor's capital structure, opportunities for the restructuring of a debtor's business in chapter 11, the results of any revised operations of a debtor in its bankruptcy case, and a debtor's overall prospects for reorganization under a chapter 11 plan. In addition, creditors' committees typically operate pursuant to written bylaws that include confidentiality provisions or enter into other similar arrangements with debtors. Through these agreements and other arrangements a debtor can ensure that committee members will keep this information confidential and will not use such information except in connection with the debtor's chapter 11 cases and on terms acceptable to the debtor.

9. The enactment of section 1102(b)(3)(A) raises the issue of whether a creditors' committee could be required to share a debtor's confidential and other non-public proprietary information with individual creditors of the debtor. In the absence of appropriate protections for such information, a debtor might be unwilling to share such information with a committee, which would undoubtedly impede the committee's ability to do its work and impair the working relationship between a debtor and its committee.

10. Given the importance of the issue, the Committee is seeking an order of the Court confirming that section 1102(b)(3)(A) does not authorize or require the Committee to provide any creditor with access to the Debtors' Confidential Information (defined below) except to the extent provided by the procedure set forth below.

11. The enactment of section 1102(b)(3)(A) also raises the issue of whether a creditors' committee could be required to share with any creditor information subject to the attorney-client or some other state, federal, or other jurisdictional law privilege ("__Privileged Information__"), whether such privilege is solely controlled by the committee or is a joint privilege with the debtor or some other party.

12. Given the importance of this additional issue, the Committee is seeking clarification that the Committee is not required to provide any creditor with access to Privileged Information except to the extent provided by the procedure set forth below. Of course, the Committee would be permitted, but not required, to provide access to Privileged Information to any party so long as (a) such Privileged Information was not Confidential Information, and (b) the relevant privilege was held and controlled solely by the Committee.

13. When a statute is clear and unambiguous, "the sole function of the courts is to enforce it according to its terms." *U.S. v. Ron Pair Enters., Inc.*, 489 U.S. 235, 241 (1989)

(quoting *Caminetti v. United States*, 242 U.S. 470, 485 (1917)). However, in "rare cases [in which] the literal application of a statute will produce a result demonstrably at odds with the intention of its drafters . . . the intention of the drafters, rather that the strict language, controls." *Id.* at 242-43 (citing *Griffin v. Oceanic Contractors, Inc.*, 458 U.S. 564 (1982)) (internal quotation omitted).

14. The Committee respectfully submits that section 1102(b)(3)(A) is unclear and ambiguous. The statute simply requires a committee "to provide access to information," yet sets forth no guidelines as to the type, kind and extent of the information to be provided. In its extreme, section 1102(b)(3)(A) could be read as requiring a creditors' committee to provide access to all information provided to it by a debtor, or developed through exercise of its investigative function, regardless of whether the information is confidential, privileged, proprietary or material non-public information and regardless of whether disseminating such information implicates securities laws disclosure requirements. *See* 17 C.F.R. §§ 243.100 to 243.103 (2005). Accordingly, bankruptcy courts which have considered this issue have issued orders clarifying that creditors' committees are not required to provide access to confidential or privileged information. Specifically, orders of this kind have been entered in other cases within this district. *See, e.g.*, *In re TMST, Inc., et al.*, Case No. 09-17787 (DWK), Doc. No. 143 (Bankr D. Md. May 28, 2009); *In re TVI Corp., et al.*, Case No. 09-15677 (TJC), Doc. No. 161 (Bankr. D. Md. July 9, 2009); *In re Caruso Homes, Inc.*, Case No. 08-18254 (JS), Doc. No. 110 (Bankr. D. Md. Nov. 13, 2008); *In re Luminent Mortg.. Capital, Inc., et al.*, Case No. 08-21389 (DK), Doc. No. 217 (Bankr. D. Md. Oct. 23, 2008).

15. As mentioned above, the legislative history does not provide further guidance on this point and merely reiterates the language of section 1102(b)(3). *See* H.R. Rep. No. 109-31,

109th Cong., 1st Sess. 87 (2005) ("Section 405(b) requires the committee to give creditors having claims of the kind represented by the committee access to information.  In addition, the committee must solicit and receive comments for these creditors and, pursuant to court order, make additional reports and disclosures available to them.").

16. Given the ability to share information through the Internet or otherwise, the drafters of section 1102(b)(3) likely intended this provision to mean that a committee's constituency should have easier access to relevant public information about a debtor without the burden of retaining counsel to monitor the numerous proceedings within a bankruptcy case.  Congress could not have intended for a committee to be required to provide unfettered access to every type and kind of information that a committee receives from a debtor.  If this had been the intention, section 1102(b)(3) would then frustrate numerous provisions of the Bankruptcy Code, including performance of the Committee's statutory duties as defined in section 1103(c) of the Bankruptcy Code.  Furthermore, section 107(b)(1) of the Bankruptcy Code provides that "on request of a party in interest, the bankruptcy court shall . . . protect an entity with respect to trade secret or confidential research, development, or commercial information."[2]

17. Moreover, the language of section 107(b)(1) is mandatory, not permissive. *Video Software Dealers Ass'n v. Orion Pictures Corp.*, 21 F.3d 24, 27 (2d Cir. 1994) (providing that the protections of section 107(b)(1) are mandatory upon request).  As a result, under section 107(b)(1) and Bankruptcy Rule 9018, this Court is duty bound to protect the Debtors' and the Committee's Confidential Information (defined below) and Privileged Information from disclosure to general creditors.

---

[2] Section 107(b)(1) is further supported by Bankruptcy Rule 9018, which states, in relevant part, that "on motion or on its own initiative, with or without notice, the court may make any order which justice requires to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information. . . ." Fed. R. Bankr. P. 9018.

18. The Committee proposes the following protocol for providing creditors with access to information (the "Creditor Information Protocol") in accordance with sections 1102(b)(3)(A) and (B) of the Bankruptcy Code:

(A) Privileged and Confidential Information

i. The Committee shall not be required to disseminate to any entity (as such term is defined in section 101(15) of the Bankruptcy Code, "Entity") without further order of the Court: (a) any information (whether written or oral) furnished by the Debtors or their directors, officers, employees, affiliates, professionals and representatives or agents (including, without limitation, attorneys, advisors, and accountants) to the Committee or any of its professionals retained in the Bankruptcy Case ("Professionals") and all analyses, compilations, forecasts, studies, or other documents prepared by the Committee or its Professionals in connection with the review of, or interest in, the Bankruptcy Case, which contain or reflect any such information; (b) any written, visual or oral non-public information, regardless of how transmitted, regarding the Debtors' financial condition or performance, the Debtors' business, the valuation of the Debtors and/or any of their assets and liabilities, or the sale of any of the Debtors' assets, provided to the Committee or its Professionals by any Entity, and all analyses, compilations, forecasts, studies, or other documents prepared by the Committee or its Professionals in connection with the review of, or interest in, the Bankruptcy Case, which contain or reflect any such information (subparagraphs (a) and (b) shall be referred to hereinafter as "Confidential Information"); or (c) Privileged Information.

ii. The Debtors and/or other Entity providing information to the Committee or its Professionals shall assist the Committee in identifying any Confidential Information contained in the information provided.

iii. Any information received (formally or informally) by the Committee from any Entity in connection with an examination pursuant to Bankruptcy Rule 2004 or in connection with any formal or informal discovery in any contested matter, adversary proceeding or other litigation shall not be governed by the terms of this Order but, rather, by any order governing such discovery.

(B) Creditor Information Requests

i. If a creditor (the "Requesting Creditor") submits a written request to the Committee (the "Information Request") for the Committee to disclose information, the Committee shall, as soon as practicable, but no more than twenty-one (21) calendar days after receipt of the Information

Request, provide a response to the Information Request (the "Response"), including providing access to the information requested or the reasons that the Committee cannot comply with the Information Request.

ii. In its Response to an Information Request for access to Confidential Information, the Committee shall consider whether (a) the Requesting Creditor is willing to agree to reasonable confidentiality restrictions; and (b) under the particular facts, such agreement will reasonably protect the confidentiality of such information; provided, however, that if the Committee elects to provide access to Confidential Information on the basis of such confidentiality restrictions, the Committee shall have no responsibility for the Requesting Creditor's compliance with, or liability for violation of, applicable law.

iii. If the Response is to deny the Information Request because the Committee believes the Information Request implicates Confidential Information or Privileged Information that need not be disclosed pursuant to the terms of this Order or otherwise under section 1102(b)(3)(A), or that the Information Request is overly broad or unduly burdensome, the Requesting Creditor may, after a good faith effort to meet and confer with an authorized representative of the Committee regarding the Information Request and the Response, seek to compel such disclosure for cause pursuant to a motion. Such motion shall be served and the hearing on such motion shall be noticed pursuant to Local Bankruptcy Rule 9013-1 and any applicable orders entered in the Bankruptcy Case. The Committee shall not object to any Requesting Creditor's request to participate in any such hearing by telephone conference. Nothing herein shall be deemed to preclude the Requesting Creditor from requesting (or the Committee objecting to such request) that the Committee provide the Requesting Creditor a log or other index of any information specifically responsive to the Requesting Creditor's request that the Committee deems to be Confidential Information or Privileged Information. Furthermore, nothing herein shall be deemed to preclude the Requesting Creditor from requesting (or the Committee objecting to such request) that the Court conduct an *in camera* review of any information specifically responsive to the Requesting Creditor's request that the Committee or the Debtors claim is Confidential Information or Privileged Information.

iv. Any disputes with respect to any Information Request shall be resolved as provided for in subparagraph (iii) above and, to extent applicable, paragraph (C) below.

(C) Release of Confidential Information of Third Parties

i. If the Information Request implicates Confidential Information of the Debtors and the Committee agrees that such request should be satisfied, or if the Committee on its own wishes to disclose such

8

Confidential Information to creditors, the Committee may submit a written request, each captioned as a "Committee Information Demand," to counsel for the Debtors, (1) Joel I. Sher, Shapiro Sher Guinot & Sandler, 250 W. Pratt Street, Suite 2000, Baltimore, MD 21201, jis@shapirosher.com; and (2) Adam H. Friedman, Olshan Frome Wolosky LLP, 1325 Ave. of the Americas, New York, NY 10019, AFriedman@olshanlaw.com. Each Committee Information Demand shall state what Confidential Information will be disclosed and the manner of the disclosure unless the Debtors object to such disclosure on or before fourteen (14) calendar days after receipt of such Committee Information Demand. If such an objection is lodged, the Committee, the Requesting Creditor and the Debtors may schedule a hearing with the Court seeking a ruling with respect to the Committee Information Demand under 11 U.S.C. § 704(a)(7).

        ii.    If the Information Request implicates Confidential Information of any Entity other than the Debtors and the Committee agrees that such request should be satisfied, or if the Committee on its own wishes to disclose such Confidential Information to creditors, the Committee may submit a written request, each captioned as a "Committee Information Demand," to such Entity and its counsel of record, with a copy to Debtors' counsel at the above address. Each Committee Information Demand shall state what Confidential Information will be disclosed and the manner of the disclosure unless such Entity objects to such disclosure on or before fourteen (14) calendar days after receipt of the Committee Information Demand. If such an objection is lodged, the Committee, the Requesting Creditor, such Entity and the Debtors may schedule a hearing with the Court seeking a ruling with respect to the Committee Information Demand.

19. Nothing in the Creditor Information Protocol requires the Committee to provide access to information or solicit comments from any Entity that has not demonstrated to the satisfaction of the Committee or to the Court, that it holds claims of the kind described in section 1102(b)(3) of the Bankruptcy Code.

20. The foregoing procedures are necessary, narrowly tailored rules designed to protect the interests of the Debtors, the Committee and affected creditors. Without the benefit of the Creditor Information Protocol, the public dissemination of the Confidential Information likely would cause serious harm to the Debtors' estates. If there were a risk that Confidential Information given by the Debtors to the Committee would have to be turned over to any creditor,

9

the Debtors would be highly discouraged from giving Confidential Information to the Committee in the first place, if at all. The inability of the Committee to gain access to Confidential Information, in turn, would limit the ability of the Committee to fulfill its statutory obligations under the Bankruptcy Code.

21. As such, the relief sought by the Committee is not only for the benefit of the Debtors and the Committee, but for the benefit of all constituents in that it ensures the proper functioning of the chapter 11 process. Further, the Committee needs the benefit of the relief sought in this Motion to ensure that it does not breach the confidentiality provisions in its bylaws. A creditors' committee should not be put in a position of either violating the statute or breaching a confidentiality agreement, thereby, subjecting itself to suit by the Debtors and potentially other parties.

22. Finally, the risk to the Committee of having to provide creditors with access to Privileged Information creates obvious and serious problems. If the Committee believes that there could be a risk that Privileged Information would need to be turned over to creditors, with the possible loss of the relevant privilege at that time, the entire purpose of such privilege would be eviscerated. As a result, neither the Debtors nor the Committee would likely be able to obtain the independent and unfettered advice and consultation that such privileges are designed to foster. Indeed, unless it is made clear that the risk of dissemination of Privileged Information does not exist, the estate representation structure envisioned by the Bankruptcy Code would become dysfunctional.

23. Therefore, pursuant to section 105(a), 107(b)(1), and 1102(b)(3)(A) of the Bankruptcy Code, the Committee respectfully requests that the relief requested herein be granted.

### Notice

24.     Notice of this Motion has been given to the Debtors, the U.S. Trustee and all entities who have filed a request for service in the Bankruptcy Case.  In light of the nature of the relief requested, the Committee submits that no further notice is required.

### Statement Pursuant To Local Rule 9013-2

25.     Pursuant to Local Bankruptcy Rule 9013-2, the Committee states that, in lieu of submitting a memorandum of law in support of this Motion, it will rely solely upon the Motion.

**WHEREFORE**, the Committee respectfully requests that this Court enter an order, substantially in the form attached hereto as Exhibit A, granting the relief requested therein, and such other and further relief as this Court deems appropriate.

Dated: August 18, 2016

Respectfully submitted,

 /s/ Thomas C. Goodhue
Thomas C. Goodhue, Esq. (MD No. 19305)
HUNTON & WILLIAMS LLP
2200 Pennsylvania Ave., NW
Washington, DC 20037
Tel:  (202) 419-2147
Fax:  (202) 778-7449
Email: tgoodhue@hunton.com

-and-

Tyler P. Brown, Esq. (admitted *pro hac vice*)
Jason W. Harbour, Esq. (admitted *pro hac vice*)
Nathan Kramer, Esq. (admitted *pro hac vice*)
HUNTON & WILLIAMS LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, Virginia 23219
Tel:  (804) 788-8200
Fax:  (804) 788-8218
Email: tpbrown@hunton.com
         jharbour@hunton.com
         nkramer@hunton.com

*Proposed counsel for the Creditors' Committee*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 18, 2016, the foregoing *Motion of Creditors' Committee for an Order Clarifying Requirement to Provide Access to Confidential or Privileged Information* was filed in the above-captioned case with the Clerk of Court using the CM/ECF system, which will then send notification of such filing to all registered users in this case. I further certify that a copy of the foregoing will be sent by electronic mail to the following:

Joel I. Sher
Shapiro Sher Guinot & Sandler
250 W. Pratte Street, Suite 2000
Baltimore, Maryland 21201
jis@shapirosher.com

Adam H. Friedman
Olshan Frome Wolosky LLP
1325 Avenue of the Americas
New York, NY 10019
AFriedman@olshanlaw.com

Edmund A. Goldberg
Office of U.S. Trustee
101 W. Lombard Street, Suite 2625
Baltimore, MD 21201
Edmund.A.Goldberg@usdoj.gov

Dated: August 18, 2016                             */s/ Thomas C. Goodhue*
                                                   Thomas C. Goodhue

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MARYLAND**
**BALTIMORE DIVISION**

| | |
|---|---|
| In re:<br><br>**NOVATION COMPANIES, INC.,** *et al.*,[1]<br><br>Debtors. | **Chapter 11**<br><br>**Case Nos. 16-19745, 19747-19749 DER**<br><br>**(Jointly Administered)** |

**ORDER CLARIFYING REQUIREMENT TO PROVIDE ACCESS TO**
**CONFIDENTIAL OR PRIVILEGED INFORMATION**

Upon the Motion for an Order Clarifying Requirement to Provide Access to Confidential or Privileged Information (the "Motion") filed by the Creditors' Committee (the "Committee"), the Court has reviewed the Motion and finds that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), (c) venue of this chapter 11 case in this district is proper pursuant to 28 U.S.C. §§1408 and 1409, and (d) notice of the Motion was sufficient under the circumstances. The Court having determined that the legal and factual bases set forth in the Motion establish just

---

[1] The Debtors in these chapter 11 cases are: (i) Novation Companies, Inc. f/k/a NovaStar Financial, Inc., (ii) NovaStar Mortgage LLC f/k/a NovaStar Mortgage, Inc., (iii) NovaStar Mortgage Funding Corporation and (iv) 2114 Central, LLC f/k/a Advent Financial Services, LLC.

cause for the relief granted herein, and it appearing that the relief requested is in the best interests of the Debtors' estates, creditors and other parties in interest;

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED.

2. The Committee shall not be required pursuant to section 1102(b)(3)(A) of the Bankruptcy Code[2] to provide access to any Confidential Information (defined below) of the Debtors to any creditor, except pursuant to the Creditor Information Protocol provided below.

3. The Committee shall not be required pursuant to section 1102(b)(3)(A) of the Bankruptcy Code to provide access to any Privileged Information[3] to any creditor, except as provided below. Nonetheless, the Committee shall be permitted, but not required, to provide access to Privileged Information to any party so long as (a) such Privileged Information is not Confidential Information, and (b) the relevant privilege is held and controlled solely by the Committee.

4. The Committee shall implement the following protocol for providing access to information for creditors ("Creditor Information Protocol") in accordance with section 1102(b)(3)(A) and (B) of the Bankruptcy Code:

    (A)    Privileged and Confidential Information

        i.    The Committee shall not be required to disseminate to any entity (as such term is defined in section 101(15) of the Bankruptcy Code, "Entity") without further order of the Court: (a) any information (whether written or oral) furnished by the Debtors or their directors, officers, employees, affiliates, professionals and representatives or agents (including, without limitation, attorneys, advisors, and accountants) to the

---

[2] Terms not otherwise defined in this Order shall have the meaning ascribed to them in the Motion.

[3] For the purposes of this Order, the term "Privileged Information" shall mean any information subject to the attorney-client or some other state, federal, or other jurisdictional law privilege (including attorney work product), whether such privilege is solely controlled by the Committee or is a joint privilege with the Debtors or some other party.

2

Committee or any of its professionals retained in the Bankruptcy Case ("Professionals") and all analyses, compilations, forecasts, studies, or other documents prepared by the Committee or its Professionals in connection with the review of, or interest in, the Bankruptcy Case, which contain or reflect any such information; (b) any written, visual or oral non-public information, regardless of how transmitted, regarding the Debtors' financial condition or performance, the Debtors' business, the valuation of the Debtors and/or any of their assets and liabilities, or the sale of any of the Debtors' assets, provided to the Committee or its Professionals by any Entity, and all analyses, compilations, forecasts, studies, or other documents prepared by the Committee or its Professionals in connection with the review of, or interest in, the Bankruptcy Case, which contain or reflect any such information (subparagraphs (a) and (b) shall be referred to hereinafter as "Confidential Information"); or (c) Privileged Information.

      ii.      The Debtors and/or other Entity providing information to the Committee or its Professionals shall assist the Committee in identifying any Confidential Information contained in the information provided.

      iii.      Any information received (formally or informally) by the Committee from any Entity in connection with an examination pursuant to Bankruptcy Rule 2004 or in connection with any formal or informal discovery in any contested matter, adversary proceeding or other litigation shall not be governed by the terms of this Order but, rather, by any order governing such discovery.

(B)    Creditor Information Requests

      i.      If a creditor (the "Requesting Creditor") submits a written request to the Committee (the "Information Request") for the Committee to disclose information, the Committee shall, as soon as practicable, but no more than twenty-one (21) calendar days after receipt of the Information Request, provide a response to the Information Request (the "Response"), including providing access to the information requested or the reasons that the Committee cannot comply with the Information Request.

      ii.      In its Response to an Information Request for access to Confidential Information, the Committee shall consider whether (a) the Requesting Creditor is willing to agree to reasonable confidentiality restrictions; and (b) under the particular facts, such agreement will reasonably protect the confidentiality of such information; provided, however, that if the Committee elects to provide access to Confidential Information on the basis of such confidentiality restrictions, the Committee shall have no responsibility for the Requesting Creditor's compliance with, or liability for violation of, applicable law.

   iii.  If the Response is to deny the Information Request because the Committee believes the Information Request implicates Confidential Information or Privileged Information that need not be disclosed pursuant to the terms of this Order or otherwise under section 1102(b)(3)(A), or that the Information Request is overly broad or unduly burdensome, the Requesting Creditor may, after a good faith effort to meet and confer with an authorized representative of the Committee regarding the Information Request and the Response, seek to compel such disclosure for cause pursuant to a motion.  Such motion shall be served and the hearing on such motion shall be noticed pursuant to Local Bankruptcy Rule 9013-1 and any applicable orders entered in the Bankruptcy Case.  The Committee shall not object to any Requesting Creditor's request to participate in any such hearing by telephone conference.  Nothing herein shall be deemed to preclude the Requesting Creditor from requesting (or the Committee objecting to such request) that the Committee provide the Requesting Creditor a log or other index of any information specifically responsive to the Requesting Creditor's request that the Committee deems to be Confidential Information or Privileged Information.  Furthermore, nothing herein shall be deemed to preclude the Requesting Creditor from requesting (or the Committee objecting to such request) that the Court conduct an *in camera* review of any information specifically responsive to the Requesting Creditor's request that the Committee or the Debtors claim is Confidential Information or Privileged Information.

   iv.  Any disputes with respect to any Information Request shall be resolved as provided for in subparagraph (iii) above and, to extent applicable, paragraph (C) below.

(C)  <u>Release of Confidential Information of Third Parties</u>

   i.  If the Information Request implicates Confidential Information of the Debtors and the Committee agrees that such request should be satisfied, or if the Committee on its own wishes to disclose such Confidential Information to creditors, the Committee may submit a written request, each captioned as a "Committee Information Demand," to counsel for the Debtors, (i) Joel I. Sher, Shapiro Sher Guinot & Sandler, 250 W. Pratt Street, Suite 2000, Baltimore, MD 21201, jis@shapirosher.com; and (2) Adam H. Friedman, Olshan Frome Wolosky LLP, 1325 Ave. of the Americas, New York, NY 10019, AFriedman@olshanlaw.com.  Each Committee Information Demand shall state what Confidential Information will be disclosed and the manner of the disclosure unless the Debtors object to such disclosure on or before fourteen (14) calendar days after receipt of such Committee Information Demand.  If such an objection is lodged, the Committee, the Requesting Creditor and the Debtors may schedule a hearing with the Court seeking a ruling with respect to the Committee Information Demand under 11 U.S.C. § 704(a)(7).

        ii.      If the Information Request implicates Confidential Information of any Entity other than the Debtors and the Committee agrees that such request should be satisfied, or if the Committee on its own wishes to disclose such Confidential Information to creditors, the Committee may submit a written request, each captioned as a "Committee Information Demand," to such Entity and its counsel of record, with a copy to Debtors' counsel at the above address. Each Committee Information Demand shall state what Confidential Information will be disclosed and the manner of the disclosure unless such Entity objects to such disclosure on or before fourteen (14) calendar days after receipt of the Committee Information Demand. If such an objection is lodged, the Committee, the Requesting Creditor, such Entity and the Debtors may schedule a hearing with the Court seeking a ruling with respect to the Committee Information Demand.

5.      Nothing in the Order requires the Committee to provide access to information or solicit comments from any Entity that has not demonstrated to the satisfaction of the Committee, in its sole discretion, or to the Court, that it holds claims of the kind described in section 1102(b)(3) of the Bankruptcy Code.

6.      Nothing in this Order shall affect in any way the terms of the Confidentiality Agreement or the confidentiality provisions in the Committee's bylaws.

7.      Entry of this Order is without prejudice to the rights of the Committee to seek a further order of the Court addressing any relief relevant to the functioning of the Creditor Information Protocol and/or compliance with section 1102(b)(3).

8. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

cc: Joel I. Sher, Esq.
SHAPIRO SHER GUINOT & SANDLER
250 W. Pratte Street, Suite 2000
Baltimore, Maryland 21201

Adam H. Friedman, Esq.
OLSHAN FROME WOLOSKY LLP
1325 Avenue of the Americas
New York, NY 10019

Thomas C. Goodhue, Esq.
HUNTON & WILLIAMS LLP
2200 Pennsylvania Ave., NW
Washington, DC 20037

Tyler P. Brown, Esq.
Jason W. Harbour, Esq.
Nathan Kramer, Esq.
HUNTON & WILLIAMS LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, Virginia 23219

Edmund A. Goldberg, Esq.
Office of U.S. Trustee
101 W. Lombard Street, Suite 2625
Baltimore, MD 21201

**END OF ORDER**