IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(BALTIMORE DIVISION)

| | | |
|---|---|---|
| In re: | * | Chapter 11 |
| **NOVATION COMPANIES, INC.,** *et al.*[1], | * | Case No. 16-19745, 19747-19749 (DER) |
| | * | (Jointly Administered) |
| Debtors. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**FOURTH MONTHLY STATEMENT OF NATIONAL ECONOMIC RESEARCH ASSOCIATES, INC. AS VALUATION EXPERT FOR THE DEBTORS AND DEBTORS-IN-POSSESSION FOR INTERIM ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD MARCH 1, 2017 THROUGH MARCH 31, 2017**

| | |
|---|---|
| Applicant: | National Economic Research Associates, Inc. ("NERA") |
| Authorized to Provide Professional Services to: | Debtors and Debtors-in-Possession |
| Date of Retention: | Order Retaining NERA *Nunc Pro Tunc* to November 28, 2016 entered December 28, 2016 [Docket No. 246] |
| Period for Which Compensation and Reimbursement is Sought: | March 1, 2017 through March 31, 2017 |
| Amount of Compensation Sought as Actual, Reasonable and Necessary: | $ 122,654.00 (Total fees sought 153,317.50 x 0.8) |
| Amount of Expense Reimbursement Sought as Actual, Reasonable, and Necessary: | $ 453.91 |

This is a:  __X__ monthly ____ interim ____ final application.

---

[1] The Debtors in these chapter 11 cases are: (i) Novation Companies, Inc. f/k/a NovaStar Financial, Inc., (ii) NovaStar Mortgage LLC f/k/a NovaStar Mortgage, Inc., (iii) NovaStar Mortgage Funding Corporation and (iv) 2114 Central, LLC f/k/a Advent Financial Services, LLC.

Dated: April 28, 2017

/s/ *Joel I. Sher*
Joel I. Sher, Bar No. 00719
SHAPIRO SHER GUINOT & SANDLER
250 W. Pratt Street, Suite 2000
Baltimore, Maryland 21201
Tel: 410-385-4277
Fax: 410-539-7611
Email: jis@shapirosher.com

*Co-Counsel to the Debtors and Debtors in Possession*

2

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(BALTIMORE DIVISION)

| | | |
|---|---|---|
| In re: | * | Chapter 11 |
| **NOVATION COMPANIES, INC.,** *et al.*<sup>2</sup>, | * | Case No. 16-19745, 19747-19749 (DER) |
| | * | (Jointly Administered) |
| Debtors. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**STATEMENT OF SERVICES RENDERED AND EXPENSES INCURRED BY
NATIONAL ECONOMIC RESEARCH ASSOCIATES, INC. AS VALUATION EXPERT
FOR THE DEBTORS AND DEBTORS-IN-POSSESSION FOR INTERIM ALLOWANCE
OF COMPENSATION AND REIMBURSEMENT OF EXPENSES
FOR THE PERIOD MARCH 1, 2017 THROUGH MARCH 31, 2017**

In accordance with Administrative Order Pursuant to 11 U.S.C. §§ 105(a), 328 and 331 Establishing Procedures for Interim Compensation and Reimbursement of Professionals (the "Administrative Order") entered by the Court on July 25, 2016 [Docket No. 45], National Economic Research Associates, Inc. ("NERA" or the "Applicant"), valuation expert to the debtors and debtors in possession (the "Debtors"), submits this Statement of Services Rendered and Expenses Incurred (the "Statement") for the period from March 1, 2017 through March 31, 2017 (the "Statement Period").

**A.     Services Rendered and Expenses Incurred**

1.     This statement is the third monthly fee Statement of NERA, valuation experts to the above-captioned Debtors filed pursuant to the Order Authorizing the Employment and Retention of National Economic Research Associates, Inc. as Valuation Expert for the Debtors,

---

[2] The Debtors in these chapter 11 cases are: (i) Novation Companies, Inc. f/k/a NovaStar Financial, Inc., (ii) NovaStar Mortgage LLC f/k/a NovaStar Mortgage, Inc., (iii) NovaStar Mortgage Funding Corporation and (iv) 2114 Central, LLC f/k/a Advent Financial Services, LLC.

3

*Nunc Pro Tunc* to November 28, 2016 [Docket No. 246] (the "Retention Order"). NERA requests: (a) payment of compensation in the amount of $122,654.00 (80% for fees on account of reasonable and necessary professional services rendered to the Debtors by NERA); and (b) reimbursement of actual and necessary costs and expenses in the amount of $453.91 incurred by NERA during the Statement Period. Attached hereto as *Exhibit A* is the detailed itemization and description of the services that NERA rendered during the Statement Period. Additionally, certain descriptions have been redacted due to the privileged and confidential nature of the services provided to the Debtors.

2. Furthermore, *Exhibit A*: (a) identifies the individuals that rendered services; (b) describes each activity or service that each individual performed; (c) states the number of hours (in one-hour increments in summary format) spent by each individual providing the services; and (d) provides a summary of expenses by type, as well as a detailed itemization and description of the disbursements made by NERA on the Debtors' behalf during the Statement Period.

3. The Applicant is familiar with and is submitting this monthly Statement in conformity with the Compensation Guidelines for Professionals in the United States Bankruptcy Court for the District of Maryland (the "Compensation Guidelines").

**B.    The Itemization of Services Rendered and Expenses Made by Category**

4. The following itemization breaks down the services rendered by the Applicant by the project categories indicated and provides an aggregation of disbursements by form of disbursement.

5. The following services were rendered in the following project categories:

| Project Category[3] | Total Hours | Total Fees Incurred | Total Fees Requested |
|---|---|---|---|
| Calls With Counsel | 2.4 | $1,224.00 | $1,224.00 |
| Document Review | 40.7 | $14,115.00 | $14,115.00 |
| Loan Level Analysis | 93.3 | $55,189.00 | $55,189.00 |
| Misc./General Services | 104.1 | $25,168.50 | $25,168.50 |
| Report | 19.4 | $11,595.00 | $11,595.00 |
| Valuation Analysis | 83.4 | $46,026.00 | $46,026.00 |
| TOTAL | 343.3 | $153,317.50 | $153,317.50 |

6. The Compensation Guidelines require that all fee applications set forth the services rendered and expenses incurred by general categories reflecting the major discrete areas for which services were performed. During the Application Period, the Applicant provided services to the Debtors that are separately categorized into six (6) categories, each of which contains a chronological descriptive listing of the services performed and expenses incurred in connection with that specific category. The Applicant has attempted in all instances to allocate the services rendered to the proper category. However, due to the extent and nature of the services performed, not all services performed on behalf of the Debtors fall neatly into one category.

7. In accordance with the Compensation Guidelines, this Monthly Statement contains a description of the services rendered for which the Applicant seeks compensation. All the time expended and the nature of the services rendered by the Applicant were recorded on time sheets maintained on a daily basis. Attached as *Exhibit A* is a compilation of the Applicant's billing reports for the Application Period, showing all of the services provided. The billing reports set forth the date of each service rendered, the individual rendering the service, a description of the services rendered and the amount of time spent performing each service.

---

[3] The project category listed is not exhaustive and is merely illustrative of the categories which may be relevant.

8.	For each time entry, the Applicant provided in reasonable detail that amount of information necessary to give a description of the services rendered while simultaneously protecting the attorney-client and work-product privileges, and in those appropriate instances, redacting a particular entry. Each entry includes a description of the services, the identity of the professional who performed the services and the amount of time spent on each particular service. The Applicant, in accordance with the Compensation Guidelines, did not lump services: for significantly all entries in excess of one hour of time, each entry provides a breakdown of the amount of time spent on each activity included in that time entry if more than one service was rendered.

### C.	Total Services Rendered and Expenses

9.	The total services rendered and expenses made, after adjusting for write offs, are as follows:

|  |  |
|---|---|
| Total Services | $153,317.50 |
| Total Expenses | $     453.91 |
| **TOTAL** | **$153,771.41** |

### D.	Billing Judgment Adjustments

10.	The Applicant did not write off any fees for the Statement Period.

### E.	Amount Payable After Holdback

11.	The amount payable for this Statement Period, after adjusting for the twenty percent (20%) holdback is $123,107.91, calculated as follows:

|  |  |
|---|---|
| Services | $153,317.50 x 0.8 = $122,654.00 |
| Expenses | $453.91 |
| **Amount Payable** | **$123,107.91** |

12.	The Applicant respectfully requests that said amount be paid pursuant to the Court's Administrative Order [Dkt. 45].

Date: April 28, 2017	/s/ *Joel I. Sher*
	Joel I. Sher, Bar No. 00719
	SHAPIRO SHER GUINOT & SANDLER
	250 W. Pratt Street, Suite 2000
	Baltimore, Maryland 21201
	Tel: 410-385-4277
	Fax: 410-539-7611
	Email: jis@shapirosher.com

	*Co-Counsel to the Debtors and Debtors in Possession*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 28th day of April, 2017, I reviewed the Court's CM/ECF system and it reports that an electronic copy of *NERA's Fourth Statement of Services Rendered and Expenses Incurred for the period from March 1, 2017 through March 31, 2017* will be served electronically by the Court's CM/ECF system on the following:

Hugh Bernstein, Esquire
Office of the U.S. Trustee
101 West Lombard Street, Suite 2625
Baltimore, MD 21201

Thomas C. Goodhue, Esquire
HUNTON & WILLIAMS LLP
2200 Pennsylvania Ave., NW
Washington, DC 20037

Jason W. Harbour, Esquire
Nathan Kramer, Esquire
HUNTON & WILLIAMS, LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

*Counsel for Creditors' Committee*

/s/ *Joel I. Sher*
Joel I. Sher