**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(BALTIMORE DIVISION)**

| | |
|---|---|
| In re: | ) |
| | ) Chapter 11 |
| **NOVATION COMPANIES, INC.**, *et al.*, [1] | ) |
| | ) Case No.  16-19745 (DER) |
| | ) (Jointly Administered) |
| Debtors. | ) |

**APPLICATION FOR ENTRY OF AN ORDER PURSUANT TO 11 U.S.C.
§§ 328(a) AND 1103 AND FED. R. BANKR. P. 2014 AUTHORIZING
EMPLOYMENT AND RETENTION OF TACTICAL FINANCIAL
CONSULTING, LLC AS EXPERT FOR THE CREDITORS'
COMMITTEE EFFECTIVE AS OF APRIL 26, 2017**

The Creditors' Committee (the "Committee") of the above-captioned debtors and debtors

in possession (collectively, the "Debtors") in the above-captioned jointly administered chapter 11

cases (the "Chapter 11 Cases") hereby submits this application (the "Application") for entry of

an order, pursuant to sections 328(a) and 1103 of title 11 of the United States Code, 11 U.S.C.

§§ 101-1532 (as amended, the "Bankruptcy Code"), and Rule 2014 of the Federal Rules of

Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing the employment and retention of

Tactical Financial Consulting, LLC ("Tactical Financial"), as expert to the Committee, effective

as of April 26, 2017, the date the Committee selected Tactical Financial as its expert.  In support

of this Application, the Committee has filed the Declaration of Franklind Lea, dated May 1,

2017, a copy of which is attached hereto as Exhibit A (the "Lea Declaration") and incorporated

herein, and respectfully provides as follows:

---

[1]     The Debtors in these chapter 11 cases are: (i) Novation Companies, Inc. f/k/a NovaStar Financial, Inc., (ii) NovaStar Mortgage LLC f/k/a NovaStar Mortgage, Inc., (iii) NovaStar Mortgage Funding Corporation and (iv) 2114 Central, LLC f/n/a Advent Financial Services, LLC.

## BACKGROUND

1.      On July 20, 2016 (the "Petition Date"), the Debtors filed with this Court their voluntary petitions for relief under chapter 11 of the Bankruptcy Code.  Pursuant to sections 1107 and 1108 of the Bankruptcy Code, the Debtors are continuing to manage their properties and assets as debtors in possession.

2.      On August 1, 2016 the Office of the United States Trustee held a meeting to appoint the Committee pursuant to section 1102 of the Bankruptcy Code.  Following its formation, the Committee selected Hunton & Williams LLP as its counsel, and on August 2, 2016, the Committee selected Carl Marks Advisory Group LLC ("Carl Marks") as its financial advisor.  On April 7, 2017, the Committee selected Alvarez & Marsal  Valuation Services, LLC, as its expert concerning certain of the Debtors' securities.  On April 26, 2017, the Committee selected Tactical Financial as its expert concerning the potential cramdown of certain unsecured creditors and related issues.

3.      On April 4, 2017, the Debtors filed the *Debtors' First Amended Joint Chapter 11 Plan of Reorganization of (i) Novation Companies, Inc. and (ii) NovaStar Mortgage LLC* [Doc. No. 396] (as it may be amended, the "Plan").  Pursuant to the Plan, the Debtors propose potentially to pay holders of claims in Classes 2 and/or 3 the federal judgment rate of interest on their claims pursuant to Section 3.02 of the Plan, as such proposal may be modified from time-to-time by the Debtors.  The selection of appropriate terms for the payment of such claims, including without limitation an appropriate interest rate for this scenario requires consideration of a number of factors, including but not limited to concerns of feasibility and other risks of payment.  The research, analysis and expertise needed to reach an opinion of the appropriate terms for the payment of such claims in this context is referred to in this Application as services on the "Cramdown Interest Rate".  The Court has scheduled a hearing on the confirmation of the

Plan commencing on May 31, 2017 (the "Confirmation Hearing"). Through this Application, the Committee seeks authorization to retain Tactical Financial as an expert concerning issues related to the Cramdown Interest Rate and related issues.

## JURISDICTION

4.     The Court has jurisdiction to consider this Application pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409. This matter constitutes a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

5.     The statutory predicates for the relief requested herein are sections 328(a) and 1103 of the Bankruptcy Code and Bankruptcy Rule 2014.

## RELIEF REQUESTED

6.     By this Application, the Committee respectfully requests the entry of an order, pursuant to sections 328(a) and 1103 of the Bankruptcy Code, and Bankruptcy Rule 2014, authorizing the Committee to employ and retain Tactical Financial as an expert concerning issues related to the Cramdown Interest Rate and related issues, effective as of April 26, 2017.

7.     Since April 26, 2017, Tactical Financial has been providing critical services to the Committee as expert, including, among other things, reviewing information concerning the Plan necessary to provide expert advisory services to the Committee related to the Cramdown Interest Rate and related issues.

## APPLICABLE AUTHORITY

8.     Section 1103(a) of the Bankruptcy Code provides, in relevant part, that the Committee, with the Court's approval, "may select and authorize the employment by such committee of one or more attorneys, accountants, or other agents, to represent or perform services for such committee." 11 U.S.C. § 1103(a).

9.      In addition, section 328(a) of the Bankruptcy Code provides, in relevant part, that

the Committee:

> may employ or authorize the employment of a professional person
> under section 327 or 1103 of this title, as the case may be, on any
> reasonable terms and conditions of employment, including on a
> retainer, on an hourly basis, on a fixed or percentage fee basis, or
> on a contingent fee basis.   Notwithstanding such terms and
> conditions, the court may allow compensation different from the
> compensation provided under such terms and conditions after the
> conclusion of such employment, if such terms and conditions
> prove to have been improvident in light of developments not
> capable of being anticipated at the time of fixing such terms and
> conditions.

11 U.S.C. § 328(a).

10.     Bankruptcy Rule 2014 provides, in relevant part, as follows:

> An order approving the employment of . . . professionals pursuant
> to . . . § 1103 . . . of the Code shall be made only on application of
> the trustee or committee.

Fed. R. Bankr. P. 2014(a).

## BASIS FOR RELIEF REQUESTED

11.     The Committee has decided to retain the services of Tactical Financial based

upon, among other things, the Committee's need for assistance in the evaluation and analysis of

the Cramdown Interest Rate and related issues.   The Committee respectfully submits that the

services of such an expert are necessary and appropriate to enable it to evaluate the complex

financial and economic issues raised by the Debtors' reorganization proceedings, the Plan, and in

particular, the Cramdown Interest Rate in the Plan.

12.     The Committee has selected Tactical Financial because of its extensive

experience and specialized knowledge concerning the evaluation, analysis and calculation of

issues related to cramdown interest rates.   The Committee is familiar with the professional

standing and reputation of Tactical Financial and understands that Tactical Financial has

extensive financial consulting experience in chapter 11 reorganizations, including in the context

of cramdown interest rates.  Tactical Financial has served as an advisor to parties concerning

cramdown interest rate and related issues in no less than six chapter 11 cases in the past five

years.  The Committee also believes that Tactical Financial is well qualified and able to perform

the expert services contemplated herein in a cost-effective, efficient, and timely manner.

Tactical Financial also has indicated a willingness to act on behalf of the Committee and to

subject itself to the jurisdiction and supervision of this Court.

### SCOPE OF SERVICES

13.    Tactical Financial will provide expert consulting and advisory services to the

Committee and its professionals as the Committee deems appropriate in order to effectively

advise the Committee throughout the remaining course of the Chapter 11 Cases, including, but

not limited, to the following:

(a)    Tactical Financial will provide expert advisory services to the Committee and the Committee's Other Professionals concerning the Plan, the Cramdown Interest Rate, and related issues.

(b)    Tactical Financial, among other things, will prepare an expert report (the "Report") analyzing the Cramdown Interest Rate and related issues and will be prepared to testify regarding the Report, the Cramdown Interest Rate, and related issues at the Confirmation Hearing.  The Report is intended to provide the Committee with information that Tactical Financial understands will be used by the Committee concerning the Cramdown Interest Rate and related issues.

(c)    Tactical Financial will provide other services concerning the Cramdown Interest Rate and related issues as the Committee or its counsel may deem necessary.

14.    The Report shall be in such customary form and with such usual and customary

qualifications as pertain to similar assessments for similar engagements, including, among other

things, that the Report speaks as of the date delivered; that Tactical Financial has relied upon the

information furnished to it by representatives of the Committee and other appropriate parties, as

-5-

well as information that is publicly available; that Tactical Financial has provided such Report based on certain assumptions provided by the Committee, and that Tactical Financial accepts no responsibility for the adequacy of such assumptions. The Committee has agreed to use its best efforts to (i) promptly and timely provide Tactical Financial with notice of, copies of, or access to relevant documents, evidence, data, and information; (ii) provide Tactical Financial with notice of any motions in limine, or other pre-trial motions made by anyone to restrict, exclude or in any way limit Tactical Financial's expert's testimony or participation in the Chapter 11 Cases; (iii) be available as reasonably requested to meet with Tactical Financial prior to anticipated/scheduled testimony; and (iv) timely notify Tactical Financial of testimonial and other deadline dates, and the disposition of the Chapter 11 Cases and whether future services are required in the Chapter 11 Cases.

15.     The Committee acknowledges that no reliance shall be placed on draft reports, conclusions or advice, whether oral or written, issued by Tactical Financial as the same may be subject to further work, revision and other factors which may result in such drafts being substantially different from any final report or advice issued. The Report is intended to be read and used as a whole and not in parts. While Tactical Financial will be prepared to discuss draft reports, which do not constitute Tactical Financial's final opinion, the content of its final Report is a matter for Tactical Financial alone.

16.     Nothing herein shall require Tactical Financial to produce the Report or to provide other services contemplated herein if (i) due to the facts and circumstances Tactical Financial reasonably determines in good faith that it cannot produce the Report or provide such other services with reasonable care or (ii) the Committee instructs Tactical Financial not to produce the Report or to provide such other services.

17.    Pursuant to section 1103(a) of the Bankruptcy Code, a committee may retain advisors to assist in the chapter 11 proceedings.  *See* 11 U.S.C. § 1103(a).  In the Chapter 11 Cases, the Committee requires qualified professionals to render the essential services related to the Plan, the Cramdown Interest Rate, and related issues.  As discussed above, Tactical Financial has substantial expertise in this regard, and is well qualified to perform these services and to assist the Committee.

## NO DUPLICATION OF SERVICES

18.    The Committee has previously retained and employed other professionals ("Other Professionals").  Tactical Financial has agreed to coordinate the services it provides to the Committee with those of the Other Professionals to minimize any potential duplication in the services provided and any potential burden on the Debtors and their professionals.

## TERMS OF RETENTION

19.    Tactical Financial is not owed any amounts with respect to prepetition fees and expenses.  The terms upon which the Committee proposes to retain Tactical Financial, subject to Court approval, are as follows:

(a)    Tactical Financial will apply to the Court for allowances of compensation and reimbursement of expenses for its valuation advisory support services in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the corresponding local rules, the *Administrative Order Pursuant to 11 U.S.C. §§ 105, 328, and 331 Establishing Procedures for Interim Compensation and Reimbursement of Professionals* [Doc. No. 45] (the "Interim Compensation Order"), and the guidelines established by the United States Trustee.

(b)    Tactical Financial will be paid by the Debtors for the services of the Tactical Financial professionals (the "Tactical Financial Professionals") at their customary hourly billing rates which shall be subject to the following ranges:

     i.     Franklind Lea     $495

     ii.     W. Robert Lewis     $300

Such rates and ranges shall be subject to adjustment annually at such time as Tactical Financial adjusts its rates generally.

(c)    In addition, Tactical Financial will be reimbursed for the reasonable out-of-pocket expenses of Tactical Financial and its professionals incurred in connection with this assignment, such as travel, lodging, third party duplications, messenger and telephone charges.   Reasonable out-of-pocket expenses would include any reasonable legal fees incurred for Tactical Financial's defense of its retention application and fee applications submitted in this matter, subject to Court approval.

(d)    On a monthly basis, Tactical Financial will provide a Monthly Statement (as defined in the Interim Compensation Order) that sets forth the hours expended at a summarized level, including the total number of hours worked by professional and the total number of hours spent by summarized task categories.   Upon submission of its final fee application, Tactical Financial will provide detailed time records for the work performed by professionals within each task category. Accordingly, to the extent necessary based on the foregoing, the Committee respectfully seeks a waiver of the information requirements of the Interim Compensation Order and any contrary guidelines promulgated by the Court or the U.S. Trustee.

(e)    In order for Tactical Financial to perform the services set forth above, it will be necessary for Tactical Financial personnel to have access to certain books, records and reports of the Debtors and potentially to have discussions with the Debtors' personnel.  Accordingly, it is understood by the Committee that, to the extent Tactical Financial is not given the Debtors' cooperation or access to the Debtors' personnel, books and records and other sources of data, Tactical Financial's ability to provide the services detailed herein will be limited.

(f)    Because of the limitations in this proposed retention, the depth of Tactical Financial's analysis and verification of the data are limited.  Tactical Financial shall rely, without further independent verification, on the accuracy and completeness of all publicly available information that is furnished to it and other sources deemed appropriate by Tactical Financial. Tactical Financial is not responsible for the accuracy or completeness of such information and shall not be responsible for any inaccuracies or omissions therein.  Tactical Financial is under no obligation to update data submitted to it or to review any other areas unless specifically requested by the Committee to do so. Tactical Financial will not engage in any independent assessment of the information provided by the Committee. Tactical Financial shall rely on all information that is furnished to it being complete and correct in all material respects and not containing any untrue statements of a material fact or omitting to state a material fact necessary in order to make the statements therein not misleading in light of the circumstances under which such statements are made.  It is understood by the Committee that Tactical Financial is not being requested to perform an audit and that Tactical Financial is entitled to rely on the accuracy and validity of the data disclosed to Tactical

Financial or supplied to Tactical Financial by, or on behalf of, employees and representatives of the Debtors or the Committee.  Tactical Financial is not updating, nor is Tactical Financial under any obligation to update data submitted to Tactical Financial or review any other areas unless specifically requested by the Committee to do so.

(g)     The Committee understands that the services to be rendered may include a review and assessment or preparation of projections and other forward-looking statements and that numerous factors can affect the actual results, which may materially and adversely differ from those projections and other forward-looking statements.

(h)     Tactical Financial does not assume any responsibility for the Debtors' decision to pursue, or not pursue, any business strategy, or to effect, or not to effect, any transaction.

(i)     Tactical Financial's Report will be as of the date delivered (the "Delivery Date"). Tactical Financial cannot be held responsible for changes in market conditions that could have a material impact on information contained in the Report subsequent to Delivery Date.  It is further stated the terms of Tactical Financial's engagement do not provide for reporting on events and transactions which occur subsequent to the Delivery Date.

(j)     Tactical Financial is not undertaking to provide any legal, regulatory, accounting, insurance, tax or similar professional advice, and Tactical Financial's Report will not be used for guidance in such matters.

(k)     All advice (written or oral) provided by Tactical Financial to the Committee in connection with this engagement is intended solely for the benefit and use of the Committee and the Court in considering the matters to which this engagement relates.

(l)     The Committee has agreed that neither Tactical Financial nor any of its agents, representatives, members or employees shall have any liability (whether direct or indirect, in contract or tort or otherwise), to the Committee for or in connection with the engagement of Tactical Financial contemplated hereunder except for any such liability for losses, claims, damages or liabilities incurred by the Committee that are finally judicially determined by the Court to have primarily resulted from the gross negligence or willful misconduct of Tactical Financial.

(m)     Subject to the provisions of subparagraphs (n) and (o) below and approval of the Court, the Debtors are authorized to indemnify, and shall indemnify, Tactical Financial for any claims arising from, related to, or in connection with Tactical Financial's engagement under this Application.  Both the Committee and Tactical Financial believe that such provisions are customary and reasonable for similar engagements in chapter 11.

(n)   The Debtors shall have no obligation to indemnify Tactical Financial for any claim or expense that is either (i) judicially determined (the determination having become final) to have arisen primarily from Tactical Financial's gross negligence, fraud, willful misconduct, breach of fiduciary duty, if any, bad faith or self-dealing; (ii) for a contractual dispute in which the Debtors and/or Committee allege the breach of Tactical Financial's contractual obligations unless the Court determines that indemnification, contribution or reimbursement would be permissible pursuant to *In re United Artists Theatre Co.*, 315 F.3d 217 (3d Cir. 2003); or (iii) settled prior to a judicial determination as to the exclusions set forth in clauses (i) and (ii) above, but determined by the Court, after notice and a hearing to be a claim or expense for which Tactical Financial should not receive indemnity, contribution or reimbursement under the terms of this Application as modified by order of the Court.

(o)   If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in the Chapter 11 Cases (that order having become a final order no longer subject to appeal), and (ii) the entry of an order closing the Chapter 11 Cases, Tactical Financial believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution and/or reimbursement obligations described above, including, without limitation, the advancement of defense costs, Tactical Financial must file an application therefor in this Court, and the Debtors may not pay any such amounts to Tactical Financial before the entry of an order by this Court approving the payment. This paragraph (o) is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by Tactical Financial for indemnification, contribution or reimbursement and not a provision limiting the duration of the Debtors' obligation to indemnify Tactical Financial.

20.   Tactical Financial and the Committee believe that the terms of engagement described herein are reasonable and market based.

## TACTICAL FINANCIAL'S RELATIONSHIPS AND CONFLICTS DISCLOSURES

21.   The Committee believes that Tactical Financial has no connection with the Debtors and their creditors, except as otherwise may be set forth in the Lea Declaration. Pursuant to section 1103(b) of the Bankruptcy Code, the Committee believes that Tactical Financial does not represent any other entity having an adverse interest in connection with the Chapter 11 Cases. Tactical Financial has conducted, and will conduct, an ongoing review of its files to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new

material facts or relationships are discovered, Tactical Financial will supplement its disclosure to this Court.

22.    Tactical Financial has agreed not to share with any person or firm the compensation to be paid for professional services rendered in connection with the Chapter 11 Cases.

## NOTICE

23.    Notice of this Application has been given to the Debtors, the United States Trustee and all entities who have filed a request for service in these cases.  In light of the nature of the relief requested, the Committee submits that no further notice is required.

## NO PRIOR REQUEST

24.    No prior Application for the relief requested herein has been made to this or any other court.

**WHEREFORE**, the Committee respectfully requests that the Court enter an order, substantially in the form attached hereto as <u>Exhibit B</u>, (i) authorizing the Committee to retain and employ Tactical Financial as its valuation expert, effective as of April 26, 2017, pursuant to sections 328(a) and 1103 of the Bankruptcy Code in accordance with the terms set forth in the Application and (ii) granting such other and future relief as the Court deems necessary and appropriate.

Dated: May 1, 2017                    Respectfully submitted,

                                       */s/ Thomas C. Goodhue*
                                       Thomas C. Goodhue, Esq. (MD No. 19305)
                                       HUNTON & WILLIAMS LLP
                                       2200 Pennsylvania Ave., NW
                                       Washington, DC 20037
                                       Tel:    (202) 419-2147
                                       Fax:    (202) 778-7449
                                       Email: tgoodhue@hunton.com

-and-

Tyler P. Brown, Esq. (admitted *pro hac vice*)
Jason W. Harbour, Esq. (admitted *pro hac vice*)
Nathan Kramer, Esq. (admitted *pro hac vice*)
HUNTON & WILLIAMS LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, Virginia 23219
Tel:    (804) 788-8200
Fax:    (804) 788-8218
Email: tpbrown@hunton.com
            jharbour@hunton.com
            nkramer@hunton.com

*Counsel for the Creditors' Committee*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 1, 2017 the foregoing was filed in the above-captioned case with the Clerk of Court using the CM/ECF system, which will then send notification of such filing to all registered users in this case.  I further certify that a copy of the foregoing will be sent by electronic mail, and first class mail, postage prepaid, to the following:

Joel I. Sher
Shapiro Sher Guinot & Sandler
250 W. Pratte Street, Suite 2000
Baltimore, Maryland 21201
jis@shapirosher.com

Adam H. Friedman
Olshan Frome Wolosky LLP
1325 Avenue of the Americas
New York, NY 10019
AFriedman@olshanlaw.com

Edmund A. Goldberg
Office of U.S. Trustee
101 W. Lombard Street, Suite 2625
Baltimore, MD 21201
Edmund.A.Goldberg@usdoj.gov

Hugh M. Bernstein
Office of U.S. Trustee
101 W. Lombard Street, Suite 2650
Baltimore, MD 21201
hugh.m.bernstein@usdoj.gov

Dated: May 1, 2017                                          */s/ Thomas C. Goodhue*
                                                           Thomas C. Goodhue

**EXHIBIT A**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(BALTIMORE DIVISION)**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 11 |
| **NOVATION COMPANIES, INC.**, *et al.*, [1] | ) | |
| | ) | Case No.  16-19745 (DER) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

**DECLARATION OF FRANKLIND LEA IN SUPPORT OF APPLICATION FOR
ENTRY OF AN ORDER PURSUANT TO 11 U.S.C. §§ 328(a) AND 1103 AND FED. R.
BANKR. P. 2014 AUTHORIZING EMPLOYMENT AND RETENTION OF TACTICAL
FINANCIAL CONSULTING, LLC AS EXPERT FOR THE CREDITORS' COMMITTEE
EFFECTIVE AS OF APRIL 26, 2017**

I, Franklind Lea, being duly sworn, hereby state as follows:

1.      I am the President and Managing Member of Tactical Financial Consulting, LLC

("Tactical Financial"), a financial advisory firm specializing in bankruptcy and restructuring,

including, without limitation, providing expert and advisory services concerning cramdown

interest rates and related issues, which is located at 725 Highmeade Terrace, Atlanta, Georgia

30005.

2.      I submit this declaration (this "Declaration") on behalf of Tactical Financial in

support of the application (the "Application")[2] of the Creditors' Committee (the "Committee") of

the above-captioned debtors and debtors in possession (collectively, the "Debtors") in the above-

captioned jointly administered chapter 11 cases (the "Chapter 11 Cases") for entry of an order

authorizing the employment and retention of Tactical Financial as its expert under the terms and

---

[1]      The Debtors in these chapter 11 cases are: (i) Novation Companies, Inc. f/k/a NovaStar Financial, Inc., (ii) NovaStar Mortgage LLC f/k/a NovaStar Mortgage, Inc., (iii) NovaStar Mortgage Funding Corporation and (iv) 2114 Central, LLC f/n/a Advent Financial Services, LLC.

[2]      Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Application.

conditions set forth in the Application.  Unless otherwise stated in this declaration, I have personal knowledge of the matters set forth herein.

### Tactical Financial's Qualifications

3.    Tactical Financial is an advisory firm that offers financial and investment consulting services to debtors and creditors both in and outside of bankruptcy.

4.    The Committee has requested Tactical Financial's assistance in providing advisory and expert services related to the Plan, the Cramdown Interest Rate, and related issues. Tactical Financial has extensive experience rendering expert and advisory services to creditors concerning such issues and has provided such services in numerous chapter 11 cases.  *See, e.g.*, *In re West Airport Palms Bus. Park, LLC*, No. 13-25728 (Bankr. S.D. Fla. 2013); *In re Ohana Group, LLC*, No. 12-21904 (Bankr. W.D. Wash. 2012); *In re Burcam Cap. II, LLC*, No. 12-04729 (Bankr. E.D.N.C. 2012); *In re Waterford Hotel, Inc.*, No. 11-54788 (Bankr. E.D. Mich. 2011); *In re Smithville Crossing, LLC*, No. 11-02473 (Bankr. E.D.N.C. 2011); *In re Marsh Hawk Golf Club, LLC*, No. 10-50632 (Bankr. E.D. Va. 2011).  As such, the Committee believe that Tactical Financial is qualified to perform the required work described in the Application.

5.    The Committee seeks to retain Tactical Financial based upon this extensive experience and the excellent reputation of Tactical Financial in providing expert advisory and consulting services concerning cramdown interest rates and related issues.

### Disclosures and Eligibility

6.    Tactical Financial utilizes certain procedures to determine its relationships, if any, to parties that may have a connection to debtors in chapter 11 cases.  In accordance with such procedures, Tactical Financial took the following actions with respect to identifying Potential Parties in Interest (as defined below) and determining Tactical Financial's relationships with such parties:

(a)      In connection with the preparation of this Declaration, Tactical Financial requested and obtained from the Committee's counsel lists of interested parties in the Chapter 11 Cases.  The Committee's counsel provided Tactical Financial with a list of, among others, the Debtors and certain creditors of the Debtors and other parties in interest (collectively, the "Potential Parties in Interest"), which list is attached hereto as Schedule 1.

(b)      In order to confirm that Tactical Financial does not represent an adverse interest, as provided in section 1103(b) of the Bankruptcy Code, Tactical Financial has searched its electronic databases for connections with the Potential Parties in interest.  Tactical Financial's search of its electronic databases reveals that Tactical Financial does not currently represent and has not represented any Potential Parties in Interest within the past five years of the Date of the filing of the Application.  In addition, I believe that none of the employees of Tactical Financial are related to any United States District Court Judges for the District of Maryland, United States Magistrate Judges for the District of Maryland, United States Bankruptcy Judges for the District of Maryland, the U.S. Trustee with supervision over the District of Maryland, or any person employed in the office of the U.S. Trustee for the District of Maryland.

(c)      Tactical Financial will periodically review its files during the pendency of the Chapter 11 Cases to ensure that no new connections arise that warrant disclosure.  If any new relevant facts or relationships are identified, Tactical Financial will promptly file a supplemental declaration with this Court, as required by Bankruptcy Rule 2014(a).

7.      In sum, Tactical Financial does not, and will not during the pendency of its representation of the Committee, represent any other entity having an adverse interest in connection with the Chapter 11 Cases as required by section 1103(b) of the Bankruptcy Code.

3

**Professional Compensation**

8.    Tactical Financial will apply to the Court for allowances of compensation and reimbursement of expenses for its services in accordance with the Application, the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the local rules, the Interim Compensation Order, and any other applicable orders of this Court.

9.    According to Tactical Financial's books and records, during the ninety day period prior to the Petition Date, Tactical Financial performed no professional services or incurred any reimbursable expenses on behalf of the Debtors.

10.    To the best of my knowledge, (a) no commitments have been made or received by Tactical Financial with respect to compensation or payment in connection with the Chapter 11 Cases other than in accordance with the provisions of the Bankruptcy Code and (b) Tactical Financial has no agreement with any other entity to share with such entity any compensation received by Tactical Financial  in connection with the Chapter 11 Cases.

11.    This declaration constitutes the verified statement of Tactical Financial pursuant to Bankruptcy Rule 2014(a).

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated this 1st day of May, 2017.

*/s/ Franklind Lea*
Franklind Lea

<u>**SCHEDULE 1**</u>

**Listing of Parties-in-Interest Reviewed for Current Relationships**

**Debtors**
2114 Central, LLC
NovaStar Mortgage Funding Corporation
NovaStar Mortgage LLC
Novation Companies, Inc.

**Officers and Directors**
Barry A. Igdaloff
Rodney Schwatken
Jeffrey E. Eberwein
Charles M. Gillman
Robert G. Pearse
Howard M. Amster
Mark Herpich

**Employees**
Caldwell, Angela
Capra, Salvatore
DiGiovanni, Angela
Holtmann, John
Schwatken, Rodney
Shaikh, Ali

**Non-Debtor Subsidiaries**
NCIP Holdings, LLC
NovaStar ABS CDO I, Ltd.
NovaStar ABS CDO I,Inc.
NovaStar CDO Holdings, Inc.
NovaStar REMIC Financing Corporation
Novation Holdings, Inc.

**Equity Holders (greater than 5%)**
Massachusetts Mutual Life Insurance Company
Barry A. Igdaloff

**Landlord**
Broadway Square Partners
StreetLinks LLC

**Banks**
Charles Schwab Bank

UBS
UMB Bank
US Bank

**20 Largest Unsecured Creditors**
Broadridge ICS
Broadway Square Partners
Deutsche Bank National Trust Company
Deutsche Bank Securities, Inc.
Greenwich Capital Markets, Inc. dba RBS Greenwich Capital
Gregory S. Metz
Iowa Public Employees' Retirement System
Kodiak CDO I, Ltd.
Lance Anderson
Mark Herpich
National Credit Union Administration Board
New Jersey Carpenters Health Fund
Scott F. Hartman
Shoretel Inc
StreetLinks LLC
Taberna Preferred Funding I, Ltd
Taberna Preferred Funding II, Ltd
The Royal Bank of Scotland Group, plc
Underground Vaults & Storage
Wells Fargo (fka Wachovia Capital Markets, LLC)

**Judges**
David E. Rice
Duncan W. Keir
James F. Schneider
Nancy V. Alquist
Robert A. Gordon
Stephen Derby
Thomas Catliota
Wendelin I. Lipp

**UST Employees**
Judy A. Robbins
Gerard R. Vetter
Hugh M. Bernstein
Edmund A. Goldberg
Katherine A. Levin
Catherine M. Stavlas
Leander D. Barnhill
Jeanne M. Crouse
Lynn A. Kohen

**Utility Providers**
AT & T Mobility
Time Warner Cable

**Insurance Providers**
UNUM Life Insurance
United Healthcare
Newmarket Underwriters Insurance Co./Allied World
RSUI Indemnity Co.
U.S. Specialty Insurance Co.
XL Specialty Insurance Co.

**Other Parties**
Ace Securities Corp.
ADP, LLC
Carol P. Mathis
Challenger, Gray & Christmas, Inc.
Computershare Inc
Corporation Service Company (CSC)
Corvisa, LLC
DB Structured Products Inc.
Deutsche Alt-A Securities Inc.
Deutsche Bank AG
Financial Asset Securities Corp.
FP Mailing Solutions
Grant Thornton
Greenwich Capital Holdings, Inc.
Holly Duran Real Estate Partners
HSA Bank
Husch Blackwell, LLP
Identity Rehab Corporation
j2 Cloud Services, Inc.
James C. Esposito
John C. Anderson
Joseph N. Walsh, III
Katten Muchin
Lincoln Financial Group
MarketSphere Unclaimed Property Specialists
RBS Acceptance Inc.
RBS Financial Products Inc.
RBS Holdings USA, Inc.
RBS Securities Inc.
RICOH
Robert J. McGinnis
The Bank of New York Mellon Trust Company

United Parcel Service
US Bank OneCard
Willis of Wisconsin, Inc.

**<u>Debtors' Professionals</u>**
Olshan Frome Woloskey LLP – Co-counsel
Shapiro Sher Guinot & Sandler – Co-counsel
Oberon Securities, LLC – Investment banker
Orrick, Herrington & Sutcliffe LLP – Special counsel
Husch Blackwell LLP – Special counsel
Boulay, PLLP – Auditor
Holland & Knight LLP – Compliance counsel
Deloitte Tax LLP – Tax services provider
National Economic Research Associates, Inc. – Valuation expert

**<u>Committee's Professionals</u>**
Hunton & Williams LLP
Carl Marks Advisory Group, LLC
Alvarez & Marsal Valuation Services, LLC

**EXHIBIT B**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(BALTIMORE DIVISION)**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 11 |
| **NOVATION COMPANIES, INC., _et al._,** [1] | ) | |
| | ) | Case No.  16-19745 (DER) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

**ORDER PURSUANT TO 11 U.S.C. §§ 328(a) AND 1103, AND FED. R. BANKR.
P. 2014, AUTHORIZING EMPLOYMENT AND RETENTION OF TACTICAL
FINANCIAL CONSULTING, LLC AS EXPERT FOR THE CREDITORS'
COMMITTEE EFFECTIVE AS OF APRIL 26, 2017**

Upon the Application, dated May 1, 2017 (the "Application"),[2] of the Creditors'

Committee (the "Committee") of the above-captioned debtors and debtors in possession

(collectively, the "Debtors") in the above-captioned jointly administered chapter 11 cases (the

"Chapter 11 Cases"), for entry of an order, pursuant to sections 328(a) and 1103(a) of title 11 of

the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code"), and rule

2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing the

employment and retention of Tactical Financial Consulting, LLC ("Tactical Financial"), as

---

[1]     The Debtors in these chapter 11 cases are: (i) Novation Companies, Inc. f/k/a NovaStar Financial, Inc., (ii)
NovaStar Mortgage LLC f/k/a NovaStar Mortgage, Inc., (iii) NovaStar Mortgage Funding Corporation and
(iv) 2114 Central, LLC f/n/a Advent Financial Services, LLC.

[2]     Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Application.

expert to the Committee, effective as of April 26, 2017; and this Court having jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application having been provided, and it appearing that no other or further notice need be provided; and this Court having reviewed the Application and determined that the employment of Tactical Financial by the Committee is necessary and in the best interest of the Debtors' estates, creditors, and other parties in interest and that the terms of compensation being sought by the Application are reasonable; and this Court having considered the Declaration of Franklind Lea, dated May 1, 2017 (the "<u>Lea Declaration</u>") filed in support of the Application; and this Court being satisfied based on the representations in the Application and the Lea Declaration that Tactical Financial does not represent any other entity having an adverse interest in connection with the Chapter 11 Cases; and this Court having determined that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and upon all of the proceedings had before this Court, and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.      The Application is granted as set forth herein.

2.      Pursuant to sections 328(a) and 1103 of the Bankruptcy Code, the Committee is authorized to employ and retain Tactical Financial as its expert in the Chapter 11 Cases in accordance with the terms and conditions set forth in the Application, effective *nunc pro tunc* to April 26, 2017, without the need for further action on the part of Tactical Financial or the Committee to document such retention.

2

3.      Tactical Financial shall be paid by the Debtors for the services of the Tactical Financial's Professionals and reimbursed for its expenses as set forth in the Application.

4.      Tactical Financial shall be compensated and reimbursed pursuant to section 330 of the Bankruptcy Code in accordance with the terms of the Application, subject to Tactical Financial seeking approval of the payment of its fees and expenses on a monthly, interim, and final basis pursuant to the procedures set forth in the Application, the Bankruptcy Code, the Bankruptcy Rules, the local rules, the U.S. Trustee Guidelines, and the *Administrative Order Pursuant to 11 U.S.C. §§ 105, 328 and 331 Establishing Procedures for Interim Compensation and Reimbursement of Professionals* [Docket No. 45].

5.      The terms and conditions of the engagement set forth in the Application, including the indemnification provisions, are approved.

6.      The Committee is authorized and empowered to take all actions necessary to implement the relief granted in this Order.

7.      This Court shall retain jurisdiction with respect to all matters arising from or related to this Order or Tactical Financial's services for the Committee.

8.      To the extent there is a conflict between this Order and the Application, the terms of this Order shall govern.

cc:     Joel I. Sher, Esq.
        SHAPIRO SHER GUINOT & SANDLER
        250 W. Pratte Street, Suite 2000
        Baltimore, Maryland 21201

        Adam H. Friedman, Esq.
        OLSHAN FROME WOLOSKY LLP
        1325 Avenue of the Americas
        New York, NY 10019

        Thomas C. Goodhue, Esq.
        HUNTON & WILLIAMS LLP

2200 Pennsylvania Ave., NW
Washington, DC 20037

Tyler P. Brown, Esq.
Jason W. Harbour, Esq.
Nathan Kramer, Esq.
HUNTON & WILLIAMS LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, Virginia 23219

Edmund A. Goldberg, Esq.
Office of U.S. Trustee
101 W. Lombard Street, Suite 2625
Baltimore, MD 21201

Hugh M. Bernstein, Esq.
Office of U.S. Trustee
101 W. Lombard Street, Suite 2650
Baltimore, MD 21201
hugh.m.bernstein@usdoj.gov

**END OF ORDER**