IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
BALTIMORE DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| NOVATION COMPANIES, INC., *et al.*,[1] | Case Nos. 16-19745, 19747-19749 DER |
| Debtors. | (Jointly Administered) |

**OBJECTION OF THE CREDITORS' COMMITTEE TO THE EMERGENCY
MOTION FOR RECONSIDERATION OF ORDER GRANTING MOTION
OF THE CREDITORS' COMMITTEE TO COMPEL DEBTORS TO
COMPLY WITH SUBPOENA TO PRODUCE DOCUMENTS**

The Creditors' Committee (the "Committee"), through its undersigned counsel, hereby objects (the "Objection") to the *Emergency Motion for Reconsideration of Order Granting Motion of the Creditors' Committee to Compel Debtors to Comply with Subpoena to Produce Documents* [Doc. No. 458] (the "Motion") filed by the above-captioned debtors and debtors in possession (the "Debtors").[2]  In support of the Objection, the Committee respectfully states as follows:

## I.      Preliminary Statement

1.      The Committee objects to the Motion for at least two reasons.  First, the Motion lacks the necessary factual predicate for reconsideration of the Discovery Order.  Second, the objective of the Debtors in filing the Motion is to relieve them of the obligation to provide the

---

[1]      The Debtors in these chapter 11 cases are: (i) Novation Companies, Inc. f/k/a NovaStar Financial, Inc., (ii) NovaStar Mortgage LLC f/k/a NovaStar Mortgage, Inc., (iii) NovaStar Mortgage Funding Corporation and (iv) 2114 Central, LLC f/k/a Advent Financial Services, LLC.

[2]      Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Motion to Compel (defined below).

Committee with certain expert reports in a timely manner, which would prejudice the Committee in preparing for the Confirmation Hearing.

2.      First, as support for the Motion, the Debtors allege "surprise" that the Discovery Order requires the Debtors to designate any experts other than NERA and provide related reports by May 10, 2017.  Yet, the Debtors have been aware of the need to offer cramdown interest rate and feasibility experts since at least the Disclosure Statement Hearing.  The Debtors' alleged need for more time to produce a cramdown interest rate expert report also is inconsistent with the Debtors' obligation under the Amended Plan to file by May 8 the Amended Indenture and Amended Senior Notes (as defined in the Amended Plan), which must set forth the terms of the Amended Senior Notes, including the proposed interest rate.  Presumably, the Debtors' expert's analysis should be completed prior to the Debtors selecting the interest rate.

3.      Second, the Committee also objects to the Motion because the Debtors should be required, consistent with the Discovery Order, to produce expert witness reports in a timely manner for any expert testimony they intend to offer at the Confirmation Hearing.  The Committee already has been prejudiced by the Debtors' failure to comply with their discovery obligations and that is why the Committee's Motion to Compel was filed.  The Committee is entitled to learn of the opinions of the Debtors' expert witnesses to allow the Committee to prepare for the Confirmation Hearing.

4.      The Debtors filed the Motion on May 2 without contacting the Committee about reaching a potential consensual resolution to the Debtors' concerns.  Nevertheless, before noon on May 3, the Committee contacted the Debtors to attempt to resolve the dispute by providing the Debtors with a proposed scheduling order (the "Proposed Scheduling Order") containing deadlines for the expert reports of each of the Debtors' expert witnesses and each of the

Committee's expert witnesses. Copies of the Proposed Scheduling Order, and a redline identifying the changes between the proposed order attached to the Motion and the Proposed Scheduling Order, are attached as <u>Exhibit A</u>. On May 5, the Debtors replied and proposed alternative dates for the expert reports that are not acceptable to the Committee. That same day, counsel to the Debtors and the Committee participated in a conference call to further discuss potential dates. Although the Committee hopes to resolve these issues consensually with the Debtors, as of the filing of this Objection the parties have not reached an agreement.

## II.    <u>Background</u>

5.      On February 14, 2017, the Debtors filed the Original Plan and the Original Disclosure Statement. The Original Plan proposed that the Senior Notes would be reinstated.

6.      On April 4, 2017, the Debtors filed the Amended Plan and Initial Amended Disclosure Statement. The Amended Plan provides that the treatment of the Senior Notes might not be reinstatement, but instead might be changed to a cramdown scenario that would result in repayment of the Senior Notes with interest at the Federal Judgment Rate and a balloon payment of all of the principal in sixteen years.

7.      On April 6, 2017, the Court held a hearing on approval of the Initial Amended Disclosure Statement (the "<u>Disclosure Statement Hearing</u>"), at which the Committee expressed concern that the newly proposed cramdown treatment of the Senior Notes did not comply with 11 U.S.C. § 1129(b)(2)(B)(i) because of, among other reasons, the Debtors' selection of the Federal Judgment Rate as the proposed interest rate on the Senior Notes. The following statements were made at the Disclosure Statement Hearing:

> Mr. Friedman: We will have the fight over the appropriate interest rate. There are plenty of cases that have applied the federal judgment rate to an unsecured cramdown plan. There are also cases that have applied a different rate. We will have that issue.

…

The Court: You have got your interest rate expert or your bond guy?

Mr. Sher:  We have a bond person who, I think Your Honor will be, as I am, impressed with.  If we get through a voir dire, if we can stipulate the expertise, I don't think there is going to be an issue there…. And then I would assume we will have a feasibility witness as well.  It might be the individual from Oberon you saw.

…

The Court:  Okay.  How about from the objection side?  How much crowd time, if you will, are you thinking this is going to consume?

Mr. Harbour:  Well, Your Honor, at this point I am thinking three witnesses as well.  Somebody from Karl Marx [sic]  concerning the transaction itself.  An expert concerning the bonds and now with the toggle issue, an expert concerning interest rates, whom we don't have yet, and we need to get.  So we might need to go into that third day, Your Honor, if he is going to take a day and a half.

…

Mr. Sher:  I didn't realize that they were hiring an expert.

Hr'g Tr. 44:7-11; 54:15-24; 55:12-21; 56:2-3 (Apr. 6, 2017).  Copies of the relevant pages of the Disclosure Statement Hearing Transcript are attached as Exhibit B.

8.        On April 13, 2017, the Committee filed the redacted *Motion of the Creditors' Committee to Compel Debtors to Comply with Subpoena to Produce Documents* (the "Motion to Compel") [Doc. No. 417].  On April 18, 2017, the Committee filed under seal the unredacted version of the Motion to Compel [Doc. No. 433].

9.        On April 21, 2017, the Committee issued (i) a notice of deposition of the Debtors' yet-to-be-identified expert witness regarding the cramdown interest rate issue; (ii) a notice of deposition of Oberon Securities LLC ("Oberon") regarding expert testimony regarding  the Amended  Plan;  and  (iii)  a  notice  of  deposition  of  NERA  concerning  expert  testimony

(collectively, the "Expert Deposition Notices"). Copies of the Expert Deposition Notices are attached as Exhibit C.

10.    On April 26, 2017, counsel for the Debtors and counsel for the Committee held a conference call to discuss the scheduling of witness depositions. Among other things, during the call the parties discussed depositions of cramdown experts. Following the call, counsel to the Committee sent a follow-up email regarding potential deposition dates (the "April 26 Email"), which included "to be determined" dates for the cramdown experts of the Debtors and the Committee. A copy of the April 26 Email is attached hereto at Exhibit D.

11.    On May 1, 2017, the Committee filed the *Application for Entry of an Order Pursuant to 11 U.S.C. §§ 328(a) and 1103 and Fed. R. Bankr. P. 2014 Authorizing Employment and Retention of Tactical Financial Consulting, LLC* ("Tactical Financial") *as Expert for the Creditors Committee Effective as of April 26, 2017* (the "Tactical Financial Retention Application") [Doc. No. 458]. The Committee seeks to employ Tactical Financial to, among other things, provide expert testimony regarding the cramdown issues at the Confirmation Hearing. In addition to automatic CM/ECF service, the Committee served the Tactical Financial Retention Application on Debtors' counsel via email on May 1, 2017, at 5:37 p.m.

12.    On May 2, 2017, the Court held a hearing on the Motion to Compel (the "Motion to Compel Hearing"). Following the Motion to Compel Hearing, the Court entered its *Order Granting Motion of the Creditors' Committee to Compel Debtors to Comply with Subpoena to Produce Documents* (the "Discovery Order") [Doc. No. 457]. Paragraph 1 of the Discovery Order provides that the Debtors "shall designate experts for the hearing on confirmation of the Debtors' Chapter 11 plan and shall provide copies of such expert's report to the Committee no later than May 10, 2017." Discovery Order ¶ 1.

13.     The Debtors subsequently filed the Motion, which seeks to significantly limit the scope of paragraph 1 of the Discovery Order.  The Debtors seek to limit their obligation to produce expert reports by May 10, 2017, to a single report prepared by NERA that addresses the cash flows and valuation of the Debtors' subprime mortgage backed securities.  The Debtors also seek to modify the Discovery Order to provide them until May 21, 2017, to designate an expert and provide an expert report with respect to the cramdown interest rate issue.  Furthermore, in attempting to rewrite paragraph 1 of the Discovery Order, the Debtors seek to avoid the requirement to provide an expert report authored by Oberon, despite the Debtors' need to offer an expert witness on feasibility at the Confirmation Hearing.

### III.     Objection

#### A.     The Legal Standard for the Motion

14.     Rule 54(b) of the Federal Rules of Civil Procedure (FRCP), made applicable by Bankruptcy Rules 7054 and 9014 to the contested matter arising from the Motion to Compel, governs the reconsideration of any orders that do not constitute final judgments.  *See American Assn. of Blood v. Boston Paternity*, 2009 Dist. LEXIS 97817, *8 (D. Md. Oct. 16, 2009).  Such orders are subject to revision at any time before entry of a judgment adjudicating all of the claims and the parties' rights and liabilities.  *See id.*; FRCP 54(b).

15.     In the Fourth Circuit, there is not a clear standard for review of a motion to reconsider an interlocutory order, such as the Discovery Order.  *See Boston Paternity*, 2009 Dist. LEXIS 97817, at *8.  It is clear that a court's consideration of such motions is not bound by the same "heightened standards" applicable to a request for reconsideration of a final judgment.  *See Am. Canoe Ass'n v. Murphy Farms, Inc.,* 326 F.3d 505, 514 (4th Cir. 2003).  Nevertheless, the U.S. district court for this district has stated that FRCP 60(b), which governs reconsideration of a

final order, provides a guide for reconsideration of an interlocutory order. *See Boston Paternity*, 2009 Dist. LEXIS 97817 at *8-9. Under FRCP 60(b), a court will reconsider a prior ruling only for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . . misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

FRCP 60(b). Reconsideration under FRCP 60(b) is an extraordinary remedy, which should be used sparingly. *See Pacific Ins. Co. v. Am. Nat. Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998), *cert. denied*, 525 U.S. 1104 (1999).

### B.    The Motion Should be Denied Because It Lacks Factual Predicate

16.    The Motion to Reconsider does not allege any of the circumstances described in subparagraphs (2) through (5) of the FRCP 60(b). The Debtors' sole allegation appears to be "surprise" that the Discovery Order requires the Debtors to designate any experts other than NERA and provide related reports by May 10, 2017. Specifically, the Debtors argue that the Discovery Order should not require the Debtors to disclose *all* experts and provide *all* reports by May 10, 2017, because only NERA was mentioned at the hearing on the Motion to Compel. *See* Motion to Compel ¶ 11. The Debtors also argue that they are unable to produce an expert report on the cramdown interest rate by May 10, 2017.[3]

---

[3]    The Debtors suggest that their inability to designate a cramdown interest rate expert and provide an expert report by May 10 is premised on their need to "further contemplate" the implications of a thirteen-year-old U.S. Supreme Court decision, *Till v. SCS Credit Corp.*, 541 U.S. 465 (2004), and its recent progeny, which require the use of the treasury or prime rate plus a risk factor. The Debtors' apparent failure to consider the applicable case law concerning the Amended Plan the Debtors filed on April 6 is not grounds for reconsideration of the Motion to Compel.

17.    The Debtors' explanation for their inability to designate a cramdown expert and provide an expert report by May 10 rings hollow because the Debtors have been aware of the need to offer a cramdown expert since the Disclosure Statement Hearing.  The Debtors' awareness of the need for a cramdown expert is evidenced by (i) the April 6 Disclosure Statement Hearing Transcript, portions of which are attached as <u>Exhibit B</u>; (ii) the April 21 Expert Deposition Notices, copies of which are attached as <u>Exhibit C</u>; (iii) the April 26 Email, a copy of which is attached as <u>Exhibit D</u>; and (iv) the May 1 Tactical Financial Retention Application.

18.    In addition, the Debtors should not need additional time if they are to comply with the Amended Plan.  The Debtors must file the Amended Indenture and Amended Senior Notes (as defined in the Amended Plan) by Monday, May 8.[4]  The Amended Indenture and Amended Senior Notes must set forth the terms of the Amended Senior Notes, including the proposed cramdown interest rate.  Presumably, the Debtors' expert's analysis regarding the appropriate interest rate should be completed *prior* to the Debtors' disclosure of the rate.

19.    Through the Motion the Debtors also inappropriately seek to avoid the requirement that their expert witness on feasibility at the Confirmation Hearing issue a report. This would materially prejudice the Committee.  The Debtors should be required to provide an expert report for *all* expert witnesses that they propose to offer at the Confirmation Hearing.[5]

---

[4]    Sections 1.01(5) and (6) of the Amended Plan provide that the Amended Indenture and the Amended Senior Notes must be filed no later than ten (10) business days prior to the voting deadline, while Paragraph B of the *Order Approving Disclosure Statement Setting Hearing on Confirmation of Plan and Fixing Time for Filing Acceptances or Rejections of Plan Combined with Notice Thereof* [Doc No. 409] sets the voting deadline as May 22, 2017.

[5]    In the Debtors' response to the Motion to Compel, the Debtors argued that FRCP 26(a)(2), which requires a reports for all expert witnesses, applies concerning NERA.  That rule only applies to contested matters if directed by the Court.  *See* FRBP 9014(c).  Now that the Court has directed the Debtors to provide expert reports for all of the Debtors' experts, the Debtors essentially argue that FRCP 26(a)(2) should not apply.

20.     In summation, the Debtors have failed to raise a sufficient factual predicate to support the Motion, which should be denied.  The Debtors have known since the Disclosure Statement Hearing that the cramdown interest rate proposed in the Amended Plan was subject to dispute.  The Court should not accept the Debtors' argument that they were "surprised" by the Court's insistence that they designate their interest rate expert and provide the report by May 10, more than a month after the issue first arose.  As a result, the Debtors have not sufficiently demonstrated "surprise" or any of the other factors set forth in FRCP 60(b), or offered any other compelling reasons, that would support reconsideration of the Discovery Order as requested in the Motion.

**C.     If the Court Elects to Modify the Discovery Order, It Should Enter the Committee's Proposed Order**

21.     Despite the absence of legitimate grounds to modify the Discovery Order as requested in the Motion, the Committee has attempted to work with the Debtors in good faith on a mutually agreeable schedule for the designation of expert witnesses and exchange of reports in advance of the Confirmation Hearing.  Unfortunately, the parties have yet to come to an agreement.  In the event the Court believes it is appropriate to modify the Discovery Order, the Committee requests that the Court enter the Proposed Scheduling Order to establish the schedule for providing expert reports concerning the Confirmation Hearing.[6]  The Proposed Scheduling Order provides the Debtors additional time beyond May 10 to designate a cram down expert and provide a report, while also setting a deadline for the Debtors to provide a report authored by their feasibility expert.

---

The Debtors cannot have it both ways.  Fairness and equity require that the Debtors timely provide reports for all expert witness they intend to call at the Confirmation Hearing.

[6]     The Debtors and the Committee are also discussing dates for depositions.

9

## IV.    Conclusion

22.    For the foregoing reasons, the Committee respectfully requests that the Court deny the relief requested in the Motion.  In the alternative, to the extent the Court believes that it is appropriate to modify the Discovery Order, the Committee requests that the Court enter the Proposed Scheduling Order.

Dated: May 5, 2017                      Respectfully submitted,

　_/s/ Thomas C. Goodhue_____
Thomas C. Goodhue, Esq. (MD No. 19305)
HUNTON & WILLIAMS LLP
2200 Pennsylvania Ave., NW
Washington, DC 20037
Tel:    (202) 419-2147
Fax:    (202) 778-7449
Email: tgoodhue@hunton.com

-and-

Tyler P. Brown, Esq. (admitted *pro hac vice*)
Jason W. Harbour, Esq. (admitted *pro hac vice*)
Nathan Kramer, Esq. (admitted *pro hac vice*)
HUNTON & WILLIAMS LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, Virginia 23219
Tel:    (804) 788-8200
Fax:    (804) 788-8218
Email: tpbrown@hunton.com
        jharbour@hunton.com
        nkramer@hunton.com

*Counsel for the Creditors' Committee*

## CERTIFICATE OF SERVICE

I hereby certify that on May 5, 2017, the foregoing was filed in the above-captioned case with the Clerk of Court using the CM/ECF system, which will then send notification of such filing to all registered users in this case.  I further certify that a copy of the foregoing will be sent by electronic mail, and by first class mail, postage prepaid, to the following:

Joel I. Sher
Shapiro Sher Guinot & Sandler
250 W. Pratte Street, Suite 2000
Baltimore, MD 21201
jis@shapirosher.com

Adam H. Friedman
Olshan Frome Wolosky LLP
1325 Avenue of the Americas
New York, NY 10019
AFriedman@olshanlaw.com

Edmund A. Goldberg
Office of U.S. Trustee
101 W. Lombard Street, Suite 2625
Baltimore, MD 21201
Edmund.A.Goldberg@usdoj.gov

Hugh M. Bernstein, Esq.
Office of U.S. Trustee
101 W. Lombard Street, Suite 2650
Baltimore, MD 21201
hugh.m.bernstein@usdoj.gov

Dated: May 5, 2017                    */s/ Thomas C. Goodhue*
                                      Thomas C. Goodhue

**<u>EXHIBIT A</u>**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(BALTIMORE DIVISION)

| | | |
|---|---|---|
| In re: | * | Chapter 11 |
| **NOVATION COMPANIES, INC.,** *et al.*[1]**,** | * | Case No. 16-19745, 16-19747-19749 (DER) |
| | * | (Jointly Administered) |
| Debtors. | * | |

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

AGREED SCHEDULING ORDER CONCERNING
EXPERTS FOR PLAN CONFIRMATION HEARING

Upon the agreement of the Debtors and the Creditors' Committee, and the Court finding good and sufficient cause therefor, it is, by the United States Bankruptcy Court for the District of Maryland, hereby ordered that:

1.    Decretal Paragraph 1 of the *Order Granting Motion of the Creditors' Committee to Compel Debtors to Comply with Subpoena to Produce Documents* (the "Discovery Order") [Dkt. No. 457, May 2, 2017] is hereby modified as set forth herein.

---

[1] The Debtors in these chapter 11 cases are: (i) Novation Companies, Inc. f/k/a NovaStar Financial, Inc. ("Novation"), (ii) NovaStar Mortgage LLC f/k/a NovaStar Mortgage, Inc. ("NMI"), (iii) NovaStar Mortgage Funding Corporation ("NMFC") and (iv) 2114 Central, LLC f/k/a Advent Financial Services, LLC.

2.      The Debtors shall designate experts, if any, with respect to the cash flows and valuation of the Debtors' mortgage backed securities for the hearing on confirmation of the *Debtors' First Amended Joint Chapter 11 Plan of Reorganization of (i) Novation Companies, Inc. and (ii) NovaStar Mortgage LLC* [Doc. No. 396] (as it may be amended, the "Plan"), and shall provide copies of any such experts' report to the Committee, by no later than May 8, 2017.

3.      The Debtors shall designate experts, if any, with respect to issues related to the proposed cram down of Class 2, including without limitation concerning the applicable interest rate, for the hearing on confirmation of the Plan, and shall provide copies of any such experts' report to the Committee, by no later than May 16, 2017.

4.      The Debtors shall designate experts, if any, with respect to any issues, other than those identified in Decretal Paragraphs 2 and 3 above, for the hearing on confirmation of the Plan, including without limitation concerning the feasibility of the Plan, and shall provide copies of any such experts' report to the Committee, by no later than May 12, 2017.

5.      The Committee shall designate experts, if any, with respect to the cash flows and valuation of the Debtors' mortgage backed securities for the hearing on confirmation of the Plan, and shall provide copies of any such experts' report to the Debtors, by no later than May 21, 2017.

6.      The Committee shall designate experts, if any, with respect to issues related to the proposed cram down of Class 2, including without limitation concerning the applicable interest rate, for the hearing on confirmation of the Plan, and shall provide copies of any such experts' report to the Debtors, by no later than May 23, 2017.

7.      The Committee shall designate experts, if any, with respect to any issues, other than those identified in Decretal Paragraphs 5 and 6 above, for the hearing on confirmation of the

Plan, including without limitation concerning the feasibility of the Plan, and shall provide copies of any such experts' report to the Debtors, by no later than May 19, 2017.

8.    Except as expressly set forth herein concerning Decretal Paragraph 1 of the Discovery Order, all of the other terms of the Discovery Order shall remain unchanged and in full force and effect.

cc:    Joel I. Sher, Esquire
       SHAPIRO SHER GUINOT & SANDLER
       250 W. Pratt Street, Suite 2000
       Baltimore, Maryland 21201
       jis@shapirosher.com

       Adam H. Friedman, Esquire
       OLSHAN FROME WOLOSKY LLP
       1325 Avenue of the Americas
       New York, New York 10019
       AFriedman@olshanlaw.com

       ***Counsel to the Debtors and Debtors in Possession***

       Tyler P. Brown, Esquire
       Jason W. Harbour, Esquire
       Nathan Kramer, Esquire
       HUNTON & WILLIAMS, LLP
       Riverfront Plaza, East Tower
       951 East Byrd Street
       Richmond, VA 23219
       jharbour@hunton.com
       nkramer@hunton.com
       tpbrown@hunton.com

       ***Counsel to the Creditors' Committee***

                    **- END OF ORDER -**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(BALTIMORE DIVISION)

| | | |
|---|---|---|
| In re: | * | Chapter 11 |
| **NOVATION COMPANIES, INC.**, *et al.*[1], | * | Case No. 16-19745, 16-19747-19749 (DER) |
| | * | (Jointly Administered) |
| Debtors. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

~~ORDER GRANTING EMERGENCY MOTION FOR RECONSIDERATION OF ORDER GRANTING MOTION OF THE CREDITORS' COMMITTEE TO COMPEL DEBTORS TO COMPLY WITH SUBPOENA TO PRODUCE DOCUMENTS~~

**AGREED SCHEDULING ORDER CONCERNING EXPERTS FOR PLAN CONFIRMATION HEARING**

Upon ~~consideration~~**the agreement** of the Debtors~~' Emergency Motion for Reconsideration of Order Granting Motion of~~ **and** the Creditors' Committee ~~to Compel Debtors to Comply with Subpoena to Produce Documents (the "Motion")~~**, and** the Court ~~having considered the Motion and any response thereto, and~~ finding good and sufficient

---

[1] The Debtors in these chapter 11 cases are: (i) Novation Companies, Inc. f/k/a NovaStar Financial, Inc. ("Novation"), (ii) NovaStar Mortgage LLC f/k/a NovaStar Mortgage, Inc. ("NMI"), (iii) NovaStar Mortgage Funding Corporation ("NMFC") and (iv) 2114 Central, LLC f/k/a Advent Financial Services, LLC.

cause therefor, it is, by the United States Bankruptcy Court for the District of Maryland, **hereby ordered that:**

~~ORDERED, that the Motion is granted; and it is further~~

1. ~~ORDERED, that~~**Decretal Paragraph 1 of** the *Order Granting Motion of the Creditors' Committee to Compel Debtors to Comply with Subpoena to Produce Documents* (the "Discovery Order") [Dkt. No. 457, May 2, 2017] is hereby modified as set forth herein~~; and it is further~~.

2. ~~ORDERED, that Decretal Paragraph 1 of the Discover Order is hereby revised to provide that the~~**The** Debtors shall designate experts**, if any,** with respect to the cash flows and valuation of the Debtors' mortgage backed securities for the hearing on confirmation of the *Debtors'* ~~Chapter 11 plan~~*First Amended Joint Chapter 11 Plan of Reorganization of (i) Novation Companies, Inc. and (ii) NovaStar Mortgage LLC* **[Doc. No. 396] (as it may be amended, the "Plan"),** and shall provide copies of any such experts' report to the Committee**,** by no later than May ~~10~~**8**, 2017~~; and it is further~~.

3. ~~ORDERED, that the~~**The** Debtors shall designate experts, if any, with respect to ~~the interest rate applicable on~~**issues related to the proposed** cram down **of Class 2, including without limitation concerning the applicable interest rate,** for the hearing on confirmation of the ~~Debtors' Chapter 11 plan~~**Plan,** and shall provide copies of any such experts' report to the Committee**,** by no later than May ~~21~~**16**, 2017~~; and it is further~~.

4. **The Debtors shall designate experts, if any, with respect to any issues, other than those identified in Decretal Paragraphs 2 and 3 above, for the hearing on confirmation of the Plan, including without limitation concerning the feasibility of the Plan,**

and shall provide copies of any such experts' report to the Committee, by no later than May 12, 2017.

5.    ~~ORDERED, that the~~The Committee shall designate experts, if any, with respect to the cash flows and valuation of the Debtors' mortgage backed securities ~~and to the interest rate applicable on cram down~~ for the hearing on confirmation of the ~~Debtors' Chapter 11 plan~~Plan, and shall provide copies of any such experts' report to the Debtors, by no later than May 21, 2017~~, and it if further~~.

6.    The Committee shall designate experts, if any, with respect to issues related to the proposed cram down of Class 2, including without limitation concerning the applicable interest rate, for the hearing on confirmation of the Plan, and shall provide copies of any such experts' report to the Debtors, by no later than May 23, 2017.

7.    The Committee shall designate experts, if any, with respect to any issues, other than those identified in Decretal Paragraphs 5 and 6 above, for the hearing on confirmation of the Plan, including without limitation concerning the feasibility of the Plan, and shall provide copies of any such experts' report to the Debtors, by no later than May 19, 2017.

8.    ~~ORDERED, that except~~Except as expressly set forth herein concerning Decretal Paragraph 1 of the Discovery Order, all of the other terms of the Discovery Order shall remain unchanged and in full force and effect.

cc:    Joel I. Sher, Esquire
       SHAPIRO SHER GUINOT & SANDLER
       250 W. Pratt Street, Suite 2000
       Baltimore, Maryland 21201
       jis@shapirosher.com

       Adam H. Friedman, Esquire
       OLSHAN FROME WOLOSKY LLP

1325 Avenue of the Americas
New York, New York 10019
AFriedman@olshanlaw.com

*Counsel to the Debtors and Debtors in Possession*

**Tyler P. Brown, Esquire**
Jason W. Harbour, Esquire
Nathan Kramer, Esquire
~~Tyler P. Brown, Esquire~~
HUNTON & WILLIAMS, LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219
jharbour@hunton.com
nkramer@hunton.com
tpbrown@hunton.com

*Counsel to the Creditors' Committee*

**- END OF ORDER -**

| Summary report: Litéra® Change-Pro TDC 7.5.0.196 Document comparison done on 05/03/2017 11:14:02 AM | |
|---|---|
| **Style name:** H&W Standard | |
| **Intelligent Table Comparison:** Active | |
| **Original DMS:** iw://EMF_US/HW_US/64936317/1 | |
| **Modified DMS:** iw://EMF_US/HW_US/64936317/2 | |
| **Changes:** | |
| **Add** | 41 |
| **Delete** | 24 |
| Move From | 0 |
| Move To | 0 |
| **Table Insert** | 0 |
| **Table Delete** | 0 |
| Table moves to | 0 |
| Table moves from | 0 |
| Embedded Graphics (Visio, ChemDraw, Images etc.) | 0 |
| Embedded Excel | 0 |
| Format changes | 0 |
| **Total Changes:** | 65 |

**<u>EXHIBIT B</u>**

THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

- - - - - - - - - - - - - - - - x
                       :
IN RE:                  :     Case No. 16-19745-DER
                       :
NOVATION COMPANIES, INC.  :     (Chapter 11)
and 2114 CENTRAL, LLC,   :
                       :
           Debtors.   :
                       :
- - - - - - - - - - - - - - - - x    April 6, 2017

                          Baltimore, Maryland

### DISCLOSURE STATEMENT HEARING

[299] Motion Seeking Authorization For Reimbursement of Legal
Fees and Expenses Incurred in Connection With Purchase
Agreement Filed by 2114 Central, LLC, NovaStar Mortgage
Funding Corporation, NovaStar Mortgage LLC,
Novation Companies, Inc.

[303] Disclosure Statement Regarding Joint Chapter 11 Plan of
Reorganization of (i) Novation Companies, Inc. and (ii)
NovaStar Mortgage, LLC Filed by NovaStar Mortgage LLC,
Novation Companies, Inc.

[313] Objection to Confirmation of Plan
Filed by Creditors' Committee.

[316] Objection on behalf of Creditors' Committee
Filed by Thomas Clinton Goodhue.

[320] Line Filing Exhibit B and Exhibit C to Disclosure
Statement Regarding Joint Chapter 11 Plan of Reorganization of
(i) Novation Companies, Inc., and (ii) NovaStar Mortgage, LLC
on behalf of NovaStar Mortgage LLC, Novation Companies, Inc.,
Filed by Joel I. Sher.

[345] Motion to Establish Solicitation and Voting Procedures
With Respect to Plan of Confirmation Filed by NovaStar
Mortgage LLC, Novation Companies, Inc.

[364] Objection on behalf of Creditors' Committee
Filed by Thomas Clinton Goodhue.


Proceeding recorded by electronic sound recording,
transcript produced by transcription service.

[365] Objection on behalf of Taberna Preferred Funding I, Ltd,
Taberna Preferred Funding II, Ltd.
Filed by Scott Jeffrey Pivnick

[366] Objection on behalf of US Trustee - Baltimore
Filed by Hugh M. Bernstein.

[367] Objection on behalf of Bank of New York Mellon Trust
Company, N.A., not in its individual capacity but solely in
its capacity as Trustee under certain Indentures
Filed by Martin H. Schreiber II.

[368] Objection on behalf of Creditors' Committee
Filed by Thomas Clinton Goodhue.

[369] Line Filing Lead Plaintiff's Reservation of Rights with
Respect to Approval of Disclosure Statement for Plan Debtor's
Proposed Joint Chapter 11 Plan of Reorganization on behalf of
New Jersey Carpenters Health Fund Filed by Alan M. Grochal.

[370] Objection on behalf of Taberna Preferred Funding I, Ltd,
Taberna Preferred Funding II, Ltd.
Filed by Scott Jeffrey Pivnick.

[391] Memorandum in Support of Debtors' Motion Seeking
Authorization for Reimbursement of Legal Fees and Expenses
Incurred in Connection with Purchase Agreement and Reply to
Creditors' Committee's Objection Thereto
Filed by Matthew G. Summers.

[396] Amended Chapter 11 Plan Filed by NovaStar Mortgage LLC,
Novation Companies, Inc.

[397] Omnibus Response on behalf of NovaStar Mortgage LLC,
Novation Companies, Inc., Filed by Joel I. Sher.

BEFORE:   THE HONORABLE DAVID E. RICE, Judge

APPEARANCES:                ADAM H. FRIEDMAN, Esq.
                            Olshan Frome Wolosky, LLP
                            1325 Avenue of the Americas
                            New York, NY 10019
                              On Behalf of the Debtors

                            JOEL I. SHER, Esq.
                            Shapiro Sher Guinot & Sandler
                            250 W. Pratt Street, Suite 2000
                            Baltimore, MD 21201
                              On Behalf of the Debtors

```
APPEARANCES(cont'd):     JASON W. HARBOUR, Esq.
                         Hunton & Williams, LLP
                         Riverfront Plaza, East Tower
                         951 East Byrd Street
                         Richmond, VA 23219
                            On Behalf of the Creditors' Committee

                         JOHN W. WEISS, Esq.
                         90 Park Avenue
                         New York, NY 10016
                            On Behalf of Taberna Preferred
                            Funding I, Ltd. and Taberna Preferred
                            Funding II, Ltd

                         MATTHEW G. SUMMERS, Esq.
                         Ballard Spahr, LLP
                         300 East Lombard Street, 18th Floor
                         Baltimore, MD 21202
                            On Behalf of Healthcare Staffing,
                            Inc., and Butler America, LLC

                         LEONARDO TRIVIGNO, Esq.
                         Carter Ledyard & Milburn, LLP
                         Two Wall Street
                         New York, NY 10005
                            On Behalf of Bank of NY Mellon Trust
                            Co., N.A.

                         MARTIN H. SCHREIBER, II, Esq.
                         Law Office of Martin H. Schreiber II
                         3600 Clipper Mill Road, Suite 201
                         Baltimore, MD 21211
                            On Behalf of Bank of NY Mellon Trust
                            Co., N.A.

                         ANDREW BEHLMANN, Esq.
                         Lowenstein Sandler, LLP
                         65 Livingston Avenue
                         Roseland, NJ 07068
                            On Behalf of New Jersey Carpenters
                            Health Fund

                         HUGH M. BERNSTEIN, Esq.
                         101 W. Lombard Street, Suite 2625
                         Baltimore, MD 21201
                            On Behalf of the Office of
                            U.S. Trustee
```

```
Via Telephone:          PAUL J. LAURIN, Esq.
                        Barnes & Thornburg, LLP
                        2029 Century Park East, Suite 300
                        Los Angeles, CA 90067
                          On Behalf of Healthcare Staffing,
                          Inc., and Butler America, LLC

Audio Operator:         Sandy Frank

Transcription Company: CompuScribe
                        5100 Forbes Boulevard
                        Suite 101
                        Lanham, Maryland 20706
                        301/577-5882
```

1   can't live with it, then we will fight.

2          And that is what these toggle provisions are really

3   designed to do.  But it is a little disingenuous to say that

4   you can pay all of your other Creditors in full and then say,

5   but you are really going to owe us $5 million more because

6   your interest rate is low.

7          We will have the fight over the appropriate interest

8   rate.  There are plenty of cases that have applied the federal

9   judgment rate to an unsecured cramdown plan.  There are also

10  cases that have applied a different rate.  We will have that

11  issue.  And I think that --

12         THE COURT:  Let me stop you there.  I am concerned

13  about hearing how you would address these remaining

14  informational items that Mr. Harbour raised.

15         MR. FRIEDMAN:  Yes.  Happy to -- what I would

16  propose that we do is I will address all of them in a redline

17  disclosure statement.

18         I think all of them are achievable.  With respect

19  to -- some of them are a little, they are, we have already

20  disclosed in our statements and schedules that the $2 million

21  number for the bonds, there is a footnote in our SEC filing

22  and in our schedules that says, this is the book value.  It is

23  not what we think the long-term cash flows will be.

24         We can add information to deal with that objection.

25  We have already said that we have solved the discrepancy

1   arguably appeal rights and then what the corporate lawyers

2   have to do to actually close the deal if the Court approves

3   it.

4          So we are sort of backing off the June 30.  I can

5   tell Your Honor we haven't gotten agreement on scheduling but

6   to give Your Honor some guidance, as I stand here today I

7   anticipate three witnesses for the -- and Your Honor, that

8   could change when we get through discovery and see.  Right now

9   we are playing sort of a game of Battleship and I am not what

10  they have on their side of the wall.

11         But I would anticipate three witnesses whom I would

12  assume we could get through in a day and a half.

13  Mr. Schwatkin*, do you remember, Your Honor?  He will be a

14  witness.

15         THE COURT:  You have got your interest rate expert

16  or your bond guy?

17         MR. SHER:  We have a bond person who, I think Your

18  Honor will be, as I am, impressed with.  If we get through a

19  voir dire, if we can stipulate the expertise, I don't think

20  there is going to be an issue there.  Then I think that is

21  about an hour and a half direct.

22         And then I would assume we will have a feasibility

23  witness as well.  It might be the individual from Oberon* you

24  saw.  And so I would think our direct side of the case could

25  be, you know, depending on how long your -- it is always

1  obviously dependent on Your Honor's schedule.  I sort of think

2  of five-hour trial days but I would think we would be able to

3  turn it over to the other side by the middle to the end of the

4  second day.  I think that is a realistic expectation.

5          THE COURT:  Okay.

6          MR. SHER:  And so obviously we know there is going

7  to be some discovery but we are really mindful of that June 30

8  date not just because of what Mr. Summers says but because of

9  the interest clock that keeps ticking.

10          And so as soon as the Court's calendar can permit,

11  that is what we would ask for.

12          THE COURT:  Okay.  How about from the objection

13  side?  How much crowd time, if you will, are you thinking this

14  is going to consume?

15          MR. HARBOUR:  Well, Your Honor, at this point I am

16  thinking three witnesses as well.  Somebody from Karl Marx

17  concerning the transaction itself.  An expert concerning the

18  bonds and now with the toggle issue, an expert concerning

19  interest rates, whom we don't have yet, and we need to get.

20  So we might need to go into that third day, Your Honor, if he

21  is going to take a day and a half.

22          Before the toggle issue I would have said two but if

23  he is going to take that much time, we have got to get through

24  two witnesses, it could go into the third day.  I wouldn't

25  want to tell you it is definitely two and then we go long.  It

1    could certainly be shorter.

2              MR. SHER:  I didn't realize they were hiring an

3    expert.  That is sort of the Battleship part of this.  I guess

4    we will have to talk about how that gets scheduled because it

5    has been some issues but if he thinks three days, considering

6    Your Honor, how long Your Honor wants to sit, that is probably

7    reasonable.

8              THE COURT:  Well, I have limited availability to

9    provide three-day chunks of time in this kind of near term but

10   the Court could accommodate that beginning on May 31.

11             MR. SHER:  Can I turn my phone on to look at my

12   calendar?

13             THE COURT:  Yes.

14             MR. HARBOUR:  Your Honor, I have a void from June 1

15   to June 6 that, if at all possible, I would rather not change.

16             THE COURT:  Okay.

17             MR. HARBOUR:  Also, I know we are dealing with your

18   schedule but if there is an option between earlier and later,

19   that there are some issues that the Court should consider

20   about why more time is needed.  But if it is just a scheduling

21   issue, then there is no point to getting into it.

22             THE COURT:  I don't have to get into a lot of fine

23   details.  Just understanding from practice and hearing what

24   Mr. Sher says, I mean, we need to get to finality.  Maybe

25   appeal rights are going to have to pass or not so the parties

# C E R T I F I C A T E

      I certify that the foregoing is a correct transcript from the duplicated electronic sound recording of the proceedings in the above-entitled matter.

*Laura C. Jackson*  04-17-2017
_____
Laura C. Jackson              Date
Transcriber

**<u>EXHIBIT C</u>**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MARYLAND**
**BALTIMORE DIVISION**

|  |  |
|---|---|
| **In re:** | **Chapter 11** |
| **NOVATION COMPANIES, INC.,** *et al.*,[1] | **Case Nos. 16-19745, 19747-19749 DER** |
|  | **(Jointly Administered)** |
| **Debtors.** |  |

**NOTICE OF DEPOSITION OF EXPERT WITNESS OF THE DEBTORS THAT**
**MAY TESTIFY AT THE CONFIRMATION HEARING ON THE DEBTORS'**
**FIRST AMENDED JOINT CHAPTER 11 PLAN OF REORGANIZATION**

**PLEASE TAKE NOTICE THAT** pursuant to Rule 26(b)(4)(A) of the Federal Rules of Civil Procedure (the "Civil Rules"), made applicable in the above-referenced contested matter by Rules 7026 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 7026-1 of the Local Bankruptcy Rules of the United States Bankruptcy Court for the District of Maryland (the "Local Rules"), the Creditors' Committee (the "Committee"), by counsel, will take the deposition upon oral examination of Adam Breslawsky of Oberon Securities, LLC, who the Committee understands the above-captioned debtors and debtors-in-possession will designate as an expert who may express an opinion at the hearing on confirmation of the *Debtors' First Amended Joint Chapter 11 Plan of Reorganization of (i) Novation Companies, Inc. and (ii) NovaStar Mortgage LLC* [Doc. No. 396] or any further amended version thereof.

---

[1]    The Debtors in these chapter 11 cases are: (i) Novation Companies, Inc. f/k/a NovaStar Financial, Inc., (ii) NovaStar Mortgage LLC f/k/a NovaStar Mortgage, Inc., (iii) NovaStar Mortgage Funding Corporation and (iv) 2114 Central, LLC f/k/a Advent Financial Services, LLC.

**PLEASE TAKE FURTHER NOTICE THAT** such deposition will be taken in the presence of, and stenographically transcribed by, a court reporter and notary public, or some officer qualified by law to take the deposition, at the offices of **Shapiro Sher Guinot & Sandler, 250 W. Pratt Street, Suite 2000, Baltimore, Maryland, 21201, on May 16, beginning at 2:00 p.m.**, or as soon thereafter as possible. Said deposition is to be used for any reason and in any fashion acceptable under the Federal Rules of Bankruptcy Procedure and all applicable local rules. The deposition will continue from day-to-day, or upon such adjourned dates as may be agreed upon by the parties, until completed. You are invited to attend and cross-examine the witness.

**PLEASE TAKE FURTHER NOTICE THAT** the Committee reserves the right to identify additional witnesses to depose as necessary.

Date:  April 21, 2017                     Respectfully Submitted,

          */s/ Thomas C. Goodhue*
          Thomas C. Goodhue, Esq. (MD No. 19305)
          HUNTON & WILLIAMS LLP
          2200 Pennsylvania Ave., NW
          Washington, DC 20037
          Tel:    (202) 419-2147
          Fax:    (202) 778-7449
          Email: tgoodhue@hunton.com

          -and-

          Tyler P. Brown, Esq. (admitted *pro hac vice*)
          Jason W. Harbour, Esq. (admitted *pro hac vice*)
          Nathan Kramer, Esq. (admitted *pro hac vice*)
          HUNTON & WILLIAMS LLP
          Riverfront Plaza, East Tower
          951 East Byrd Street
          Richmond, Virginia 23219
          Tel:    (804) 788-8200
          Fax:    (804) 788-8218
          Email: tpbrown@hunton.com
                 jharbour@hunton.com
                 nkramer@hunton.com
          *Counsel for the Creditors' Committee*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 21, 2017, a copy of the foregoing was sent by electronic

mail and first class mail, postage prepaid, to each of the following:

Joel I. Sher
Shapiro Sher Guinot & Sandler
250 W. Pratte Street, Suite 2000
Baltimore, Maryland 21201
jis@shapirosher.com

Adam H. Friedman
Olshan Frome Wolosky LLP
1325 Avenue of the Americas
New York, New York 10019
AFriedman@olshanlaw.com

Irving Edward Walker
Cole Schotz P.C.
300 E. Lombard Street
Suite 1450
Baltimore, MD 21202-3171
iwalker@coleschotz.com

Mark Tsukerman
Cole Schotz P.C.
1325 Avenue of the Americas
19th Floor
New York, NY 10019
mtsukerman@coleschotz.com

Edmund A. Goldberg
Office of U.S. Trustee
101 W. Lombard Street, Suite 2625
Baltimore, Maryland 21201
Edmund.A.Goldberg@usdoj.gov

Hugh M. Bernstein
Office of U.S. Trustee
101 W. Lombard Street, Suite 2650
Baltimore, MD 21201
hugh.m.bernstein@usdoj.gov

*/s/ Thomas C. Goodhue*
Thomas C. Goodhue

87617.000002 EMF_US 64797725v4

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
BALTIMORE DIVISION**

| | |
|---|---|
| In re: | **Chapter 11** |
| **NOVATION COMPANIES, INC., *et al.*,**[1] | **Case Nos. 16-19745, 19747-19749 DER** |
| | **(Jointly Administered)** |
| Debtors. | |

**NOTICE OF DEPOSITION OF EXPERT WITNESS OF THE DEBTORS THAT
MAY TESTIFY AT THE CONFIRMATION HEARING ON THE DEBTORS'
FIRST AMENDED JOINT CHAPTER 11 PLAN OF REORGANIZATION**

**PLEASE TAKE NOTICE THAT** pursuant to Rule 26(b)(4)(A) of the Federal Rules of

Civil Procedure (the "Civil Rules"), made applicable in the above-referenced contested matter by

Rules 7026 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"),

and Rule 7026-1 of the Local Bankruptcy Rules of the United States Bankruptcy Court for the

District of Maryland (the "Local Rules"), the Creditors' Committee (the "Committee"), by

counsel, will take the deposition upon oral examination of Faten Sabry or such other individual

from National Economic Research Associates, Inc., who the Committee understands the above-

captioned debtors and debtors-in-possession will designate as an expert who may express an

opinion at the hearing on confirmation of the *Debtors' First Amended Joint Chapter 11 Plan of

Reorganization of (i) Novation Companies, Inc. and (ii) NovaStar Mortgage LLC* [Doc. No. 396]

or any further amended version thereof.

---

[1]    The Debtors in these chapter 11 cases are: (i) Novation Companies, Inc. f/k/a NovaStar
Financial, Inc., (ii) NovaStar Mortgage LLC f/k/a NovaStar Mortgage, Inc.,
(iii) NovaStar Mortgage Funding Corporation and (iv) 2114 Central, LLC f/k/a Advent
Financial Services, LLC.

1

**PLEASE TAKE FURTHER NOTICE THAT** such deposition will be taken in the presence of, and stenographically transcribed by, a court reporter and notary public, or some officer qualified by law to take the deposition, at the offices of **Shapiro Sher Guinot & Sandler, 250 W. Pratt Street, Suite 2000, Baltimore, Maryland, 21201, on May 17, beginning at 10:00 a.m.**, or as soon thereafter as possible. Said deposition is to be used for any reason and in any fashion acceptable under the Federal Rules of Bankruptcy Procedure and all applicable local rules. The deposition will continue from day-to-day, or upon such adjourned dates as may be agreed upon by the parties, until completed. You are invited to attend and cross-examine the witness.

**PLEASE TAKE FURTHER NOTICE THAT** the Committee reserves the right to identify additional witnesses to depose as necessary.

Date: April 21, 2017                    Respectfully Submitted,

　　　　　　　　　　　　　　　　　　　　 */s/ Thomas C. Goodhue*　　　　　　　
　　　　　　　　　　　　　　　　　　　　 Thomas C. Goodhue, Esq. (MD No. 19305)
　　　　　　　　　　　　　　　　　　　　 HUNTON & WILLIAMS LLP
　　　　　　　　　　　　　　　　　　　　 2200 Pennsylvania Ave., NW
　　　　　　　　　　　　　　　　　　　　 Washington, DC 20037
　　　　　　　　　　　　　　　　　　　　 Tel:    (202) 419-2147
　　　　　　　　　　　　　　　　　　　　 Fax:    (202) 778-7449
　　　　　　　　　　　　　　　　　　　　 Email: tgoodhue@hunton.com

　　　　　　　　　　　　　　　　　　　　 -and-

　　　　　　　　　　　　　　　　　　　　 Tyler P. Brown, Esq. (admitted *pro hac vice*)
　　　　　　　　　　　　　　　　　　　　 Jason W. Harbour, Esq. (admitted *pro hac vice*)
　　　　　　　　　　　　　　　　　　　　 Nathan Kramer, Esq. (admitted *pro hac vice*)
　　　　　　　　　　　　　　　　　　　　 HUNTON & WILLIAMS LLP
　　　　　　　　　　　　　　　　　　　　 Riverfront Plaza, East Tower
　　　　　　　　　　　　　　　　　　　　 951 East Byrd Street
　　　　　　　　　　　　　　　　　　　　 Richmond, Virginia 23219
　　　　　　　　　　　　　　　　　　　　 Tel:    (804) 788-8200
　　　　　　　　　　　　　　　　　　　　 Fax:    (804) 788-8218
　　　　　　　　　　　　　　　　　　　　 Email: tpbrown@hunton.com
　　　　　　　　　　　　　　　　　　　　 　　　  jharbour@hunton.com
　　　　　　　　　　　　　　　　　　　　 　　　  nkramer@hunton.com
　　　　　　　　　　　　　　　　　　　　 *Counsel for the Creditors' Committee*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 21, 2017, a copy of the foregoing was sent by electronic

mail and first class mail, postage prepaid, to each of the following:

Joel I. Sher
Shapiro Sher Guinot & Sandler
250 W. Pratte Street, Suite 2000
Baltimore, Maryland 21201
jis@shapirosher.com

Adam H. Friedman
Olshan Frome Wolosky LLP
1325 Avenue of the Americas
New York, New York 10019
AFriedman@olshanlaw.com

Faten Sabry
National Economic Research Associates, Inc.
1165 Avenue of the Americas
New York, New York 10036
faten.sabry@nera.com

Edmund A. Goldberg
Office of U.S. Trustee
101 W. Lombard Street, Suite 2625
Baltimore, Maryland 21201
Edmund.A.Goldberg@usdoj.gov

Hugh M. Bernstein
Office of U.S. Trustee
101 W. Lombard Street, Suite 2650
Baltimore, MD 21201
hugh.m.bernstein@usdoj.gov


                                        */s/ Thomas C. Goodhue*
                                        Thomas C. Goodhue

3

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
BALTIMORE DIVISION**

|  |  |
|---|---|
| **In re:** | **Chapter 11** |
| **NOVATION COMPANIES, INC., *et al.*,**[1] | **Case Nos. 16-19745, 19747-19749 DER** |
|  | **(Jointly Administered)** |
| **Debtors.** |  |

**NOTICE OF DEPOSITION OF EXPERT WITNESS OF THE DEBTORS THAT
MAY TESTIFY AT THE CONFIRMATION HEARING ON THE DEBTORS'
FIRST AMENDED JOINT CHAPTER 11 PLAN OF REORGANIZATION**

**PLEASE TAKE NOTICE THAT** pursuant to Rule 26(b)(4)(A) of the Federal Rules of

Civil Procedure (the "Civil Rules"), made applicable in the above-referenced contested matter by

Rules 7026 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"),

and Rule 7026-1 of the Local Bankruptcy Rules of the United States Bankruptcy Court for the

District of Maryland (the "Local Rules"), the Creditors' Committee (the "Committee"), by

counsel, will take the deposition upon oral examination of the expert witness to be designated by

the above-captioned debtors and debtors-in-possession (the "Debtors") who may offer an opinion

regarding the interest rate and other terms of the Amended Senior Notes issued pursuant to the

*Debtors' First Amended Joint Chapter 11 Plan of Reorganization of (i) Novation Companies,*

*Inc. and (ii) NovaStar Mortgage LLC* [Doc. No. 396] or any further amended version thereof

(the "Plan"), at the hearing on confirmation of the Plan.

---

[1] The Debtors in these chapter 11 cases are: (i) Novation Companies, Inc. f/k/a NovaStar
Financial, Inc., (ii) NovaStar Mortgage LLC f/k/a NovaStar Mortgage, Inc.,
(iii) NovaStar Mortgage Funding Corporation and (iv) 2114 Central, LLC f/k/a Advent
Financial Services, LLC.

**PLEASE TAKE FURTHER NOTICE THAT** such deposition will be taken in the presence of, and stenographically transcribed by, a court reporter and notary public, or some officer qualified by law to take the deposition, at the offices of **Shapiro Sher Guinot & Sandler, 250 W. Pratt Street, Suite 2000, Baltimore, Maryland, 21201, on May 17, beginning at 2:00 p.m.**, or as soon thereafter as possible. Said deposition is to be used for any reason and in any fashion acceptable under the Federal Rules of Bankruptcy Procedure and all applicable local rules. The deposition will continue from day-to-day, or upon such adjourned dates as may be agreed upon by the parties, until completed. You are invited to attend and cross-examine the witness.

**PLEASE TAKE FURTHER NOTICE THAT** the Committee reserves the right to identify additional witnesses to depose as necessary.

Date:  April 21, 2017                    Respectfully Submitted,

                                         /s/ Thomas C. Goodhue
                                         Thomas C. Goodhue, Esq. (MD No. 19305)
                                         HUNTON & WILLIAMS LLP
                                         2200 Pennsylvania Ave., NW
                                         Washington, DC 20037
                                         Tel:    (202) 419-2147
                                         Fax:    (202) 778-7449
                                         Email:  tgoodhue@hunton.com

                                         -and-

                                         Tyler P. Brown, Esq. (admitted *pro hac vice*)
                                         Jason W. Harbour, Esq. (admitted *pro hac vice*)
                                         Nathan Kramer, Esq. (admitted *pro hac vice*)
                                         HUNTON & WILLIAMS LLP
                                         Riverfront Plaza, East Tower
                                         951 East Byrd Street
                                         Richmond, Virginia 23219
                                         Tel:    (804) 788-8200
                                         Fax:    (804) 788-8218
                                         Email:  tpbrown@hunton.com
                                                 jharbour@hunton.com
                                                 nkramer@hunton.com

                                         *Counsel for the Creditors' Committee*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 21, 2017, a copy of the foregoing was sent by electronic

mail and first class mail, postage prepaid, to each of the following:

Joel I. Sher
Shapiro Sher Guinot & Sandler
250 W. Pratte Street, Suite 2000
Baltimore, Maryland 21201
jis@shapirosher.com

Adam H. Friedman
Olshan Frome Wolosky LLP
1325 Avenue of the Americas
New York, New York 10019
AFriedman@olshanlaw.com

Edmund A. Goldberg
Office of U.S. Trustee
101 W. Lombard Street, Suite 2625
Baltimore, Maryland 21201
Edmund.A.Goldberg@usdoj.gov

Hugh M. Bernstein
Office of U.S. Trustee
101 W. Lombard Street, Suite 2650
Baltimore, MD 21201
hugh.m.bernstein@usdoj.gov

*/s/ Thomas C. Goodhue*
Thomas C. Goodhue

4

87617.000002 EMF_US 64800083v3

**<u>EXHIBIT D</u>**

| | |
|---|---|
| **From:** | Kramer, Nathan |
| **To:** | "Joel I. Sher"; "AFriedman@olshanlaw.com"; "John W. Weiss (john.weiss@alston.com)"; "Edwards, Jonathan"; Brett H. Miller (brettmiller@mofo.com) |
| **Cc:** | Harbour, Jason |
| **Subject:** | Novation - Deposition Scheduling |
| **Date:** | Wednesday, April 26, 2017 12:36:06 PM |

All,

Following up on the call earlier today, below are the tentative dates for depositions we discussed:

- Debtors 30(b)(6) (Schwatken): May 17th or 18th (New York)
- Debtors 30(b)(6) (Oberon) and Oberon: May 17th or 18th (New York)
- Committee 30(b)(6) (Carl Marks): May 17th or 19th (New York)
- Debtors 30(b)(6) (NERA) and NERA: May 22nd (New York)
- Committee 30(b)(6) (Alvarez & Marsal): May 23rd (New York)
- Taberna: May 19th or the week of May 22nd (Atlanta)
- Kodiak: Week of May 22nd, with specific dates yet to be determined
- Debtors 30(b)(6) (interest rate/cramdown expert; likely through Oberon or NERA) – to be determined
- Committee 30(b)(6) (interest rate/cramdown expert) – to be determined

Please let us know if anything above is incorrect or if anyone has any updates.

Thank you,
Nathan



**Nathan Kramer**
Associate
nkramer@hunton.com
p 804.788.7209

Hunton & Williams LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219
hunton.com