IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(BALTIMORE DIVISION)

| | |
|---|---|
| In re: | Chapter 11 |
| Novation Companies, Inc., et al., | Case No. 16-19745, 19747-19749 DER |
| Debtors.[1] | (Jointly Administered) |

**MOTION FOR TEMPORARY ALLOWANCE OF CLAIMS
FOR VOTING PURPOSES PURSUANT TO BANKRUPTCY RULE 3018**

Novation Companies, Inc. and the above-captioned debtors (the "*Debtors*"), by and through their undersigned counsel, submit this motion (the "*Motion*") for entry of an order, substantially in the form attached hereto as Exhibit A (the "*Order*"), pursuant to Rule 3018 of the Federal Rules of Bankruptcy Procedure (the "*Bankruptcy Rules*") temporarily allowing claims of the Lead Plaintiff, for itself and on behalf of the Certified Class in the Securities Litigation (each as defined below), for plan voting purposes *only*. In support of this Motion, the Debtors respectfully state as follows:

**Introduction**

1. The Debtors, on the one hand, and New Jersey Carpenters Health Fund, as court-appointed lead plaintiff ("*Lead Plaintiff*") in the securities class action styled as *N.J. Carpenters Health Fund v. NovaStar Mortgage, Inc., et al.*, Case No. 08-CV-5310-DAB (the "*Securities Litigation*") pending in the United States District Court for the Southern District of New York (the

---

[1] The debtors in these chapter 11 cases are: (i) Novation Companies, Inc. f/k/a NovaStar Financial, Inc., (ii) NovaStar Mortgage LLC f/k/a NovaStar Mortgage, Inc.,(iii) NovaStar Mortgage Funding Corporation and (iv) 2114 Central, LLC f/k/a Advent Financial Services, LLC. The Plan proponents herein are (i) Novation Companies, Inc. f/k/a NovaStar Financial, Inc., (ii) NovaStar Mortgage LLC f/k/a NovaStar Mortgage, Inc.

"*SDNY District Court*") and Iowa Public Employees' Retirement System, a court-appointed class representative in the Securities Litigation ("*IPERS*" and collectively with the Debtors and Lead Plaintiff, the "*Parties*"), on the other hand, have entered into a stipulation (the "*Voting Stipulation*") providing for the temporary allowance of the claims filed by Lead Plaintiff for itself and on behalf of the certified class in the Securities Litigation (the "*Certified Class*") solely for purposes of voting on the *First Amended Joint Chapter 11 Plan of Reorganization of (i) Novation Companies, Inc. and (ii) NovaStar Mortgage, LLC* (as may be further amended or modified from time to time, the "*Plan*"). A copy of the Voting Stipulation is annexed to the proposed Order as Exhibit 1.

2. As set forth in the Debtors' *Motion Pursuant to Bankruptcy Code Section 105 and Rule 9019 of the Federal Rules of Bankruptcy Procedure for Entry of an Order (A) Authorizing Debtors to Enter Into Settlement Agreement with New Jersey Carpenters Health Fund and (B) Granting Related Relief*, filed on April 6, 2017 (the "*Settlement Motion*") [Dkt. No. 401], the parties to the Securities Litigation have reached a settlement of all claims against all defendants in the Securities Litigation (the "*Settlement*"), subject to, among other conditions, (a) entry of preliminary and final approval orders by the SDNY District Court, for which a motion is pending in that court, and (b) an order of this Court authorizing the Debtors to enter into the Settlement and their insurers to fund certain payments required thereunder, which this Court entered on May 1, 2017 [Dkt. No. 455]. Final approval of the Settlement by the SDNY District Court will not occur until after confirmation of the Plan. As a result, the Lead Plaintiff's claims require estimation for purposes of voting on the Plan.

3. On April 11, 2017, the Bankruptcy Court entered an order approving the disclosure statement for the Plan and establish procedures for the Debtors to solicit acceptances of the Plan

from holders of claims in voting classes (the "*Disclosure Statement Order*") [Dkt. No. 405]. In accordance with the Disclosure Statement Order, the Plan Debtors have served the Disclosure Statement, the Plan, and appropriate ballots and notices, as applicable, on all required parties and have commenced solicitation of votes with respect to the Plan. The Plan confirmation hearing is scheduled to begin on May 31, 2017.

4. In view of the Settlement and the timing of the approval process in the SDNY District Court under Federal Rule of Civil Procedure 23 (approval on a final basis by the SDNY District Court is a condition to the Settlement), the Parties have entered into the Voting Stipulation for purposes of allowing the claims filed by Lead Plaintiff solely for purposes of voting on the Plan. Pursuant to the Voting Stipulation, the claims filed by Lead Plaintiff for itself and on behalf of the Certified Class would be allowed for voting purposes, and would supersede any ballots filed by other members of the Certified Class in their capacity as such (including IPERS but excluding any parties that timely exclude themselves from the Certified Class).

5. On November 15, 2016, Lead Plaintiff and IPERS each filed proofs of claim against certain of the Debtors, including Novation Companies Inc. ("*Novation*") and NovaStar Mortgage LLC ("*NMI*" and together with Novation, the "*Plan Debtors*"). Lead Plaintiff filed proofs of claim (a) for itself and on behalf of the Certified Class (the "*Class Claims*") [Claim Nos. 4 (NMI), 19 (Novation)] and (b) in its individual capacity (the "*NJC Claims*") [Claim Nos. 5 (NMI), 20 (Novation)], and IPERS filed proofs of claim in its individual capacity (the "*IPERS Claims*" and together with the Class Claims and the NJC Claims, the "*Securities Litigation Claims*") [Claim Nos. 6 (NMI), 21 (Novation)].

6. All of the Securities Litigation Claims were filed in undetermined amounts. However, Lead Plaintiff has alleged damages incurred by itself and the Certified Class potentially ranging into the hundreds of millions of dollars.

7. The Securities Litigation Claims against Novation are classified in Class 4a under the Plan. The Securities Litigation Claims against NMI are classified in Class 4b under the Plan.

## Jurisdiction

8. The Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b), and venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. The legal bases for the relief sought herein are sections 105(a) and 502(b) of chapter 11 of title 11 of the United States Code (the "*Bankruptcy Code*") and Rule 3018 of the Bankruptcy Rules.

## Relief Requested

9. The Debtors request entry of an order approving the Voting Stipulation. Under the Voting Stipulation, in accordance with Bankruptcy Rule 3018, the Securities Litigation Claims against Novation and NMI are allowed, solely for the purpose of voting on the Plan, respectively as a Class 4a Claim and Class 4b Claim (each as defined in the Plan), each in the amount of $11,000,000, held by Lead Plaintiff for itself and on behalf of the Certified Class (the "*Allowed Class Claims*").

10. Lead Plaintiff will timely submit a Class 4a ballot and a Class 4b ballot on account of the Allowed Class Claims (the "*Class Claim Ballots*") indicating Lead Plaintiff's acceptance of the Plan, which ballot is to be held in escrow by the Solicitation Agent pending approval of this

Motion.[2] Such ballots will be without prejudice to Lead Plaintiff's right to comment on or object to the form of the proposed confirmation order under the terms of the settlement. The Voting Stipulation further provides that the Class Claim Ballots will supersede any ballots submitted by members of the Certified Class (including Lead Plaintiff in its individual capacity and IPERS but excluding any parties that timely exclude themselves from the Certified Class) in their capacity as such. The Voting Stipulation also provides that if Lead Plaintiff elects to "opt out" of the third-party releases contained in the Plan, such opt-out election shall be deemed to have been made on behalf of all members of the Certified Class, without prejudice to the provisions of the Plan that exclude from the impact of the third-party release and any other related provisions of the Plan all claims of Lead Plaintiff, IPERS, and members of the Certified Class against any non-Debtors named or to be named as defendants in the Securities Litigation.

## Argument

### A. Temporary Allowance of the Allowed Class Claims is Warranted.

11. Pursuant to Bankruptcy Rule 3018(a), "[n]otwithstanding objection to a claim or interest, the court after notice and hearing may temporarily allow the claim or interest in an amount which the court deems proper for the purpose of accepting or rejecting a plan." Fed. R. Bankr. P. 3018(a). The policy behind temporarily allowing claims is "to prevent possible abuse by plan proponents" who attempt to ensure acceptance of a plan by gaming the system through objections to the claims of dissenting creditors. *In re Armstrong*, 292 B.R. 678, 686 (10th Cir. BAP 2003); *see also In re Harmony Holdings, LLC*, 395 B.R. 350, 353–54 (Bankr. D.S.C. 2008) ("[O]ne can easily visualize a situation where it would be grossly unfair and unjust to disenfranchise any claim

---

[2] The ballots will be deemed timely received by the Solicitation Agent even if this Motion is approved after the Voting Deadline.

or interest just because a debtor interposed an objection to the allowance of the claim or interest. . . . To achieve justice, some discretion must be left to the court to deal with the problem just described.") (internal quotation marks and citation omitted). In short, Bankruptcy Rule 3018(a) "was designed to give all creditors, *even those holding disputed claims*, the opportunity to vote." *In re Century Glove, Inc.*, 88 B.R. 45, 46 (Bankr. D. Del. 1988) (emphasis added).

12. The decision to grant temporary allowance of a claim for voting purposes under Bankruptcy Rule 3018 is at the reasonable discretion of the bankruptcy court. *See Pension Ben. Guar. Corp. v. Enron Corp.*, No. 04 CIV. 5499 (HB), 2004 WL 2434928, at *5 (S.D.N.Y. Nov. 1, 2004). There is, however, a presumption in favor of temporarily allowing a disputed claim for purposes of voting. *See In re Amarex Inc.*, 61 B.R. 301, 303 (Bankr. W.D. Okla. 1985) ("[T]o allow [the disputed claims] to vote on the plans, even though some may be eventually disallowed for purposes of distribution, is more in keeping with the spirit of chapter 11 which encourages creditor vote and participation in the reorganization process.").

13. The Debtors submit that the Court should approve the Voting Stipulation. Although Bankruptcy Rule 3018(a) requires a hearing for calculating a claim, only a "summary-type hearing is contemplated." *In re Zolner*, 173 B.R. 629, 633 (Bankr. N.D. Ill. 1994); *see also, e.g., In re FRG, Inc.*, 121 B.R. 451, 456 (Bankr. E.D. Pa. 1990) (stating that for the calculation pursuant to Bankruptcy Rule 3018(a), "a very truncated trial process may be developed which is consistent with the dictates of due process of law").

14. Temporarily allowing the Allowed Class Claims for voting purposes is consistent with Bankruptcy Rule 3018 and is fair and equitable to all parties involved. Under Federal Rule of Civil Procedure 23, approval of the Settlement by the SDNY District Court requires two separate hearings. A final "fairness hearing" to approve the Settlement in the SDNY District Court case

will not occur until after the Plan confirmation hearing, which is currently scheduled to begin on May 31, 2017. As a result, temporary allowance for voting purposes is needed.

      **B.    The Allowed Class Claims Should Be Temporarily Allowed in the Approved Settlement Amount**

15.    The Bankruptcy Code and the Bankruptcy Rules provide little to no guidance as to how a court should calculate a claim for voting purposes. *In re Quigley Co.*, 346 B.R. 647, 653 (Bankr. S.D.N.Y. 2006). Although courts may "employ whatever method is best suited to the circumstances of the case," *In re Ralph Lauren Womenswear, Inc.*, 197 B.R. 771, 774 (Bankr. S.D.N.Y. 1996), any calculation "should ensure that the voting power is commensurate with the creditor's economic interests in the case." *In re Quigley Co.*, 346 B.R. 647, 654 (Bankr. S.D.N.Y. 2006). To calculate the amount of a claim to be temporarily allowed, courts have considered (a) the debtor's scheduling of the claim, (b) the proof of claim filed, and (c) the debtor's objection. *In re Stone Hedge Properties*, 191 B.R. 59, 65 (Bankr. M.D. Pa. 1995). Calculation of a claim under Bankruptcy Rule 3018(a), however, is not determinative of (i) the ultimate validity or amount of the claim or (ii) any causes of action before a non-bankruptcy court. *See In re Quigley Co.*, 346 B.R. 647, 654 (Bankr. S.D.N.Y. 2006).

16.    Absent the Settlement, Lead Plaintiff has asserted damages in the Securities Litigation potentially ranging into the hundreds of millions of dollars or more. The aggregate cash consideration being paid under the Settlement is $165 million. Of that amount, $11 million is allocated to Novation, NMI, and certain of their former directors and/or officers. For purposes of voting on the Plan, allowing the Allowed Class Claims in that amount for voting purposes is eminently fair and reasonable, and is logical and consistent with the terms of the Settlement.

**Reservation of Rights**

17. The Debtors reserve the right to amend, modify, or supplement this Motion and further reserve the right to respond to any objections to this Motion and to make other arguments in connection with any adjudication thereof. All rights of all of the Parties with respect to the Securities Litigation Claims and the Securities Litigation are expressly reserved, it being understood that this Motion seeks only temporary allowance of the Allowed Class Claims solely for purposes of voting on the Plan.

WHEREFORE, the Debtors respectfully request that the Court enter an Order, substantially in the form attached hereto as <u>Exhibit A</u>, approving the Voting Stipulation, temporarily allowing the Allowed Class Claims in the amount of $11 million solely for purposes of accepting or rejecting the Plan, and granting such other and further relief as is appropriate under the circumstances.

Date: May 9, 2017                                Respectfully submitted,

/s/ *Joel I. Sher*
Joel I. Sher, Bar No. 00719
SHAPIRO SHER GUINOT & SANDLER
250 W. Pratt Street, Suite 2000
Baltimore, Maryland 21201
Tel: 410-385-4277
Fax: 410-539-7611
Email: jis@shapirosher.com

-and-

/s/ *Adam H. Friedman*
Adam H. Friedman, admitted *pro hac vice*
OLSHAN FROME WOLOSKY LLP
1325 Avenue of the Americas
New York, New York 10019
Tel: 212-451-2216
Fax: 212-451-2222
Email: AFriedman@olshanlaw.com

*Counsel to the Debtors and Debtors in Possession*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 9th day of May, 2017, a copy of the *Motion For Temporary Allowance of Claims For Voting Purposes Pursuant to Bankruptcy Rule 3018 and proposed Order* was served on the parties listed below by electronic mail.

Jason W. Harbour, Esquire
Nathan Kramer, Esquire
Tyler P. Brown, Esquire
HUNTON & WILLIAMS, LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219
jharbour@hunton.com
nkramer@hunton.com
tpbrown@hunton.com
***Counsel for Creditors' Committee***

Thomas C. Goodhue, Esquire
HUNTON & WILLIAMS LLP
2200 Pennsylvania Ave., NW
Washington, DC 20037
tgoodhue@hunton.com

John W. Weiss, Esquire
ALSTON & BIRD LLP
90 Park Avenue
New York, New York 10016
John.weiss@alston.com

Jonathan T. Edwards, Esquire
ALSTON & BIRD LLP
One Atlantic Center
1201 West Peachtree Street
Atlanta, GA 30309
Jonathan.edwards@alston.com

Scott J. Pivnick, Esquire
ALSTON & BIRD LLP
The Atlantic Building
950 F Street, N.W.
Washington, D.C. 20004
Scott.pivnick@alston.com
***Attorneys for Taberna Preferred Funding I, Ltd. and Taberna Preferred Funding II, Ltd. (c/o TP Management LLC)***

Hugh Bernstein, Esquire
Katherine A. Levin, Esquire
OFFICE OF THE U.S. TRUSTEE
101 West Lombard Street, Suite 2625
Baltimore, MD 21201
Hugh.M.Bernstein@usdoj.gov
Katherine.A.Levin@usdoj.gov

Susan R. Sherrill-Beard, Esquire
U.S. SECURITIES AND EXCHANGE COMMISSION
Office of Reorganization (Atlanta Regional Office)
950 East Paces Ferry Road, N.E., Suite 900
Atlanta, GA 30326-1382
sherrill-beards@sec.gov
*Counsel for U.S. Securities and Exchange Commission*

Michael S. Etkin, Esquire
Andrew Behlmann, Esquire
Keara M. Waldron, Esquire
LOWENSTEIN SANDLER LLP
65 Livingston Avenue
Roseland, New Jersey 07068
metkin@lowenstein.com
abehlmann@lowenstein.com
kwaldron@lowenstein.com

Joel P. Laitman, Esquire
Christopher Lometti, Esquire
Michael B. Eisenkraft, Esquire
Daniel B. Rehns, Esquire
Robert Dumas, Esquire
COHEN MILSTEIN SELLERS & TOLL PLLC
88 Pine Street
New York, New York 10005
jlaitman@cohenmilstein.com
clometti@cohenmilstein.com
meisenkraft@cohenmilstein.com
drehns@cohenmilstein.com
rdumas@cohenmilstein.com

Alan M. Grochal, Esquire
TYDINGS & ROSENBERG LLP
100 East. Pratt Street, 26th Floor
Baltimore, Maryland 21201
agrochal@tydingslaw.com

*Counsel for Interested Party, New Jersey Carpenters Health Fund*

Kyle J. Moulding, Esquire
MCCABE, WEISBERG & CONWAY, LLC
312 Marshall Avenue, Suite 800
Laurel, Maryland 20707
bankruptcymd@mwc-law.com
*Counsel for Creditor U.S. Bank National Association, as Trustee for J.P. Morgan Mortgage Acquisition Trust 2006-HE3, Asset Backed Pass-Through Certificates, Series 2006-HE3*

Irving E. Walker, Esquire
Cole Schotz P.C
300 E. Lombard Street, Suite 1450
Baltimore, MD 21202
iwalker@coleschotz.com

Mark Tsukerman, Esquire
Cole Schotz P.C
1325 Avenue of the Americas
19th Floor
New York, NY 10019
mtsukerman@coleschotz.com

*Counsel for Oberon Securities, LLC*

Matthew G. Summers, Esquire
BALLARD SPAHR LLP
300 El. Lombard Street, 18th Floor
Baltimore, Maryland 21202
summersm@ballardspahr.com

Paul Laurin, Esquire
BARNES & THORNBURG LLP
2029 Century Park East, Suite 300
Los Angeles, California 90067
Paul.Laurin@btlaw.com

*Counsel for Butler America, LLC and Healthcare Staffing, Inc.*

Martin H. Schreiber, II, Esquire
Law Office of Martin H. Schreiber II, LLC
3600 Clipper Mill Road, Suite 201
Baltimore, Maryland 21211
Email: mhs@schreiber-law.com

James Gadsden, Esquire
Leonardo Trivigno, Esquire
CARTER LEDYARD & MILBURN LLP
Two Wall Street
New York, New York
Email: bankruptcy@clm.com

*Counsel for The Bank of New York Mellon Trust Company, N.A., not in its individual capacity but solely in its capacity as Trustee under certain Indentures*

Brett H. Miller, Esquire
MORRISON & FOERSTER LLP
250 West 55th Street
New York, New York 10019
brettmiller@mofo.com

*Counsel to Kodiak CDO I, Ltd. c/o EJF Investments Manager, LLC (f/k/a Kodiak Capital Management Company, LLC)*

/s/ *Joel I. Sher*
Joel I Sher